## ALIDA B. EMMETT *vs.* HAMA PERRY.

### Waldo.    Opinion April 7, 1905.

*Real Action.    Evidence.    Boundaries.    Declarations.    Adverse Possession. Newly Discovered Evidence.    S. J. C. Rule 16.*

It is settled law in this state that the acts of the owner of land when upon it, pointing out the monuments and location of his line, and his declarations made at the time when no controversy exists, are competent to be submitted to the jury after his death, as having some tendency to prove the location of the line.

Such declarations are also competent to show the character of such possession, whether the declarant was occupying adversely under a claim of title in himself or in subservience to the title of another.

A motion for a new trial on newly discovered evidence is a motion grounded on facts not apparent from the record, and under Rule 16 of this Court should be verified by affidavit in order to entitle it to be considered.

Evidence is not newly discovered which at the time of the trial is known to the plaintiff in interest who had taken upon herself the prosecution of the case, and which any inquiry of her would have made known to the nominal plaintiff.

On motions and exceptions by plaintiff.    Overruled.

Real action to recover land on Seven Hundred Acre Island in Islesboro. Plea, general issue with brief statement claiming title to the demanded premises by adverse possession. Verdict for defendant. Plaintiff took exceptions to the admission of certain testimony, and filed a general motion for a new trial, and also filed a motion for a new trial on the ground of newly discovered evidence.

The case is sufficiently stated in the opinion.

*J. H. Montgomery and L. M. Staples,* for plaintiff.

*H. E. Cooledge and C. E. & A. S. Littlefield,* for defendant.

SITTING: WISWELL, C. J., EMERY, STROUT, SAVAGE, POWERS, JJ.

POWERS, J. Real action to recover land on Seven Hundred Acre Island in Islesboro. The verdict was for the defendant and the case comes here on her motion and exceptions and also on her motion for a new trial on the ground of newly discovered evidence.

Plaintiff claimed title through intermediate conveyances by deeds to her father Daniel Philbrook from Job Philbrook and by deed to Job from William Griffin in 1802. Defendant claimed title by deed from her father Jabez Philbrook, and he by deed from Jones Shaw whose title was obtained in 1830. The defendant also claimed title by adverse possessions by her father and herself since 1830. Plaintiff's land lies south of and adjoining the land of the defendant. She contended that the original division line between the property of her father, Daniel Philbrook, and the defendant's father, Jabez Philbrook, was a straight line, while the defendant claimed that it deflected to the southwest following an old fence to the beach and taking in the land in dispute.

Plaintiff's exception is to portions of the testimony of Joseph and William Philbrook relating to declarations of their father, Jabez Philbrook, while in possession of the premises and who was deceased at the time of the trial. Joseph testified that his father used the beach, north of the line fence that is there now, to gather drift-wood which came ashore there, that while he was helping his father gather such drift-wood, his father pointed out the line on the beach between

himself and Captain Daniel Philbrook and said: "that was his line, over that side, and that was Captain Daniel's that side to the south." William testified that under like circumstances his father "told us not to go across that line there; he said the other was Captain Daniel's."

The defendant claimed title by disseizin. The declarations of her grantor while in possession were admissible to show the character of such possession, whether he occupied adversely under a claim of ownership in himself, or in subservience to the title of another as the plaintiff claims was the case. *School District* v. *Benson*, 31 Maine, 385.

They were also admissible as tending to show where was the division boundary of the land between Jabez and Daniel Philbrook. "The acts of the owner of the land when upon it, pointing out the monuments and location of his line, and his declarations made at the time in regard to them when no controversy exists, are competent to be submitted to the jury after his death, as having some tendency to prove the location of the line." *Royal* v. *Chandler*, 83 Maine, 153. This is settled law in this state, *Wilson* v. *Rowe*, 93 Maine, 207, and is decisive of the exceptions in this case.

There is a motion for a new trial on the ground that the verdict was against evidence and also a motion based upon newly discovered evidence. An examination of the case satisfies us that the weight of evidence at the trial was in favor of the defendant's contention that for more than seventy years prior to the bringing of this suit she and her grantors had been in open notorious and exclusive possession of the land in controversy, and that such possession was adverse and not permissive.

A motion for a new trial on newly discovered evidence is a motion grounded on facts not apparent from the record, and under Rule 16 of this court should be verified by affidavit in order to entitle it to be considered. This alone is a fatal objection to the plaintiff's motion. The present case is a good illustration of the wisdom of the rule, for a defeated litigant might well hesitate to make oath that the evidence relied upon is newly discovered. Georgiana Philbrook, the plaintiff's warrantor, employed counsel and took upon herself the prosecution

of the case.   She was a witness at the trial, and the motion sets forth that at that time she well knew there was a large amount of evidence which could be obtained.   In support of the motion she testified that the evidence which at the time of the trial she knew could be obtained was the same set out in the motion; that she knew all the people who testified in support of it, all of whom were in fact her relatives; that she supposed that they knew generally of the case; that if she were going to look up witnesses they were the very people to go to and the very ones she had in mind when she suggested to her counsel at the trial that she ought to have other witnesses there.   Yet no delay was asked for.   The real and nominal plaintiffs went to trial with what evidence they had; and took their chances of a favorable verdict.   Having done so they cannot now be heard to say that evidence is newly discovered which at the trial was known to the plaintiff in interest, and which the slightest inquiry of her would have made known to the nominal plaintiff.   The exercise of due diligence, such as the law requires of parties litigant, would have assured the production at the trial of all this evidence, the only thing about which that is newly discovered is the necessity for it, in the present exigencies of the plaintiff's case, to avoid the consequences of an unfavorable verdict against her.

*Motions and exceptions overruled.*