## GEORGE S. HUTCHINS *vs.* RUTH VIRGINIA HUTCHINS.

York County.    Decided March 4, 1939.    This proceeding was instituted to seek alteration of a divorce decree with respect to alimony and support of children. Hearing was had before a justice of the Superior Court and a modifying decree was made. Exceptions raised the issue that the court had no authority to change the original order of alimony under the statute as it existed at the time the divorce was granted. Inspection of the record shows that the written application to the court for relief, styled a petition, was in legal effect a motion directed to the court seeking a revisal order upon the ground that the income of the libelee had been substantially reduced and he was no longer able to make the required payments. These allegations of fact are not supported by affidavit as required by Rule XVI of the Supreme Judicial and Superior Courts, which reads:

"No motion based on facts will be heard unless the facts are verified by affidavit, or are apparent from the record or from the papers on file in the case, or are agreed and stated in writing signed by the parties or their attorneys. The same rule will be applied as to all facts relied on in opposing any motion."

Compliance with this rule is a basic requirement to entitle the libelee to a hearing.

"Courts are bound to take notice of the limits of their authority, and accordingly a court may of its own motion, even though the question is not raised by the pleadings or is not suggested by counsel, recognize the want of jurisdiction, and it is its duty to act accordingly by staying proceedings, dismissing the action, or otherwise noticing the defect, at any stage of the proceedings." 15 C. J., Courts, Par. 171.

Our Court, in *Emmett* v. *Perry*, 100 Me., 139, 60 A., 872, 873, said:

"A motion for a new trial on newly discovered evidence is a motion grounded on facts not apparent from the record, and

under Rule 16 of this court should be verified by affidavit in order to entitle it to be considered. This alone is a fatal objection to the plaintiff's motion."

The rules of the Supreme Judicial and Superior Courts were established under authority of R. S., Chap. 91, Sec. 16, and the Supreme Judicial Court is thereby required in precise language to take judicial notice of the rules of the Superior Court.

In *Maberry* v. *Morse*, 43 Me., 176, it was held:

"The rules established in pursuance of this authority, have all the binding and obligatory force of a statute. They are binding on any justice at *Nisi Prius*, or on this court sitting in banc. Neither this court, nor any member, can dispense with or disregard them."

The latest pronouncement of our Court is found in *Cushman Co.* v. *Mackesy et al.*, 135 Me., 490, 200 A., 505, in which it was held that want of jurisdiction is fatal in every stage of the case and may be brought to the attention of the court at any time, although the want of jurisdiction is not specifically set forth in the exceptions, and in that case the lack of verification was held to be fatal.

The mandate will be Proceedings Dismissed For Lack Of Verification Under Rule XVI. *Willard & Willard*, for petitioner. *Bradley, Linnell, Nulty & Brown*, for respondent.

