509 P.2d 237

Livy H. WILLIAMS, Jr., Appellant,

v.

Lucy Irene WILLIAMS, Appellee.

No. 1 CA–CIV 1802.

Court of Appeals of Arizona,
Division 1.

May 1, 1973.

Engdahl, Jerman, Butler & Estep by
Dean Estep, Phoenix, for appellant.

Lucy Irene Williams, in pro. per.

KRUCKER, Judge.

Appellant, defendant below, appeals from a judgment of divorce in favor of the plaintiff-wife questioning the disposition of community and joint tenancy property and the amounts awarded for alimony and child support.

The parties were married on May 9, 1953. They had three children ages 16, 14 and 12. The defendant is, and has been since 1961, president of the Livy Williams Company which is engaged in the produce brokerage business. For the past several years he has drawn a salary from the company of $18,000 per year and takes home approximately $600 every two weeks. The company provides him with a 1968 Cadillac and pays all necessary expenses for this automobile. The 1970 year-end statements of the business indicate that in the month of November the business expended over $3,000 for items of entertainment for defendant and his customers and that a major portion of that amount was food expense.

At the pre-trial conference it was stipulated that the following real and personal property had been acquired during the marriage:

1. The family house located at 5102 East Desert Jewell Drive, held in joint tenancy with right of survivorship; estimated value between $65,000 and $74,000; present mortgage balance of approximately $33,000; equity in said home of approximately $33,000. Mortgage payments are $207.50 per month.

2. Household furniture and furnishings valued at $5,000.

3. A 1964 automobile valued at $500.

4. Several life insurance policies, total cash value of $14,130.

5. A boat, motor and trailer valued at $300.00.

6. Interest in Livy Williams' profit-sharing plan totaling $16,000.00.

7. 33,500 shares of capital stock in Livy Williams Company which was held by the parties as joint tenants with right of survivorship.

8. Other shares of stock, some of which were in the plaintiff's name and others held by the parties as community property with an approximate value of $1,500.

Under the terms of the trial court's order dissolving the marital relationship, the plaintiff received the family house, the furniture, the family car, the stocks and bonds held in her name and three life insurance policies with cash values totaling $4,937.00. The court also awarded the plaintiff custody of the three minor children and ordered the defendant to pay $200 per month per child for the support of the children and $200 per month alimony. The defendant was awarded all shares of the Livy Williams Company stock, his interest in the profit sharing plan, life insurance policies with a cash value of $9,193, the boat, motor and trailer, and the community-held stocks and bonds. In addition, he was ordered to hold the plaintiff harmless for any and all obligations of the parties to the Livy Williams Company. This amounted to the extinguishment, as to the wife, of a community indebtedness to the Livy Williams Company of $16,500 and a stock deficit in said company totaling $7,368.62.

Although the defendant presents three questions for our consideration, we feel it necessary to address ourselves to the following:

1. Did the trial court pursuant to A.R. S. § 25–318, as amended, have jurisdiction to award the family home to plaintiff when title was held by the parties as joint tenants with right of survivorship?

2. Was the trial court's award of alimony and child support so excessive as to constitute an abuse of discretion?

In addition, we deem it necessary to raise *ex mero motu* the question of whether there was a proper division of the Livy Williams Company stock.

## FAMILY HOME HELD IN JOINT TENANCY WITH RIGHT OF SURVIVORSHIP

■ Our Supreme Court has recently, in the case of Becchelli v. Becchelli, 109 Ariz. 229, 508 P.2d 59 (filed March 22, 1973), held that the trial court has no authority to make an equitable division of property held in joint tenancy and must divide it equally if so requested by the parties. Thus, the trial court erred in awarding the wife the family residence.

## CAPITAL STOCK IN LIVEY WILLIAMS COMPANY HELD IN JOINT TENANCY WITH RIGHT OF SURVIVORSHIP

■ Plaintiff, appearing *in propria persona*, has not filed a cross appeal in the case *sub judice*. While it is true that we will not ordinarily review such parts of the decree as are not complained of, we will raise jurisdictional questions on our own motion. Cf., Gage v. Gage, 11 Ariz.App. 76, 462 P.2d 93 (1970); Riley v. County of Cochise, 10 Ariz.App. 55, 455 P.2d 1005 (1969). *See*, e. g., Hutchins v. Hutchins, 136 Me. 513, 4 A.2d 679 (1939); Hayden v. Hayden, 326 Mass. 587, 96 N.E.2d 136 (1950).

As stated in *Becchelli*, supra:

". . . [we] find nothing in the language of the amendment which gives the Superior Court the authority to divide as seems just and right jointly held property." 109 Ariz. at p. 234, 508 P.2d at p. 64.

We take this lack of authority to mean lack of jurisdiction. Therefore, the trial court erred in awarding the jointly held stock to the defendant.

## AWARD OF ALIMONY AND CHILD SUPPORT

Defendant's final contention is that the trial court clearly abused its discretion in awarding $200 per month for child support for each child and $200 per month for alimony (totaling $800 per month) because his net income was only $1,200 per month

and his necessary monthly living expenses totaled $680.

■ Broad discretion is afforded the trial court in determining what amount should be awarded for alimony and child support. Kennedy v. Kennedy, 93 Ariz. 252, 379 P.2d 966 (1963). Where there is any reasonable evidence to support the judgment, an appellate court will not disturb it. Smith v. Smith, 89 Ariz. 84, 358 P.2d 183 (1960). It will only be overturned by this court where there is an abuse of discretion. Bergman v. Bergman, 1 Ariz.App. 209, 401 P.2d 163 (1965).

■ In reviewing an alimony award, we stated in Porreca v. Porreca, 8 Ariz.App. 394, 396, 446 P.2d 500, 502 (1968):

". . . there are three broad and basic criteria to be considered. First, the financial needs of the wife, measured by the social position into which her marriage placed her. Second, the ability of the wife to produce income sufficient to sustain her in this status, either by her own labors or as a result of income-producing property which she may own. The third criterion is the financial condition of the husband and his ability to make payments for the support and maintenance of his former wife. [Citation omitted]"

All of these factors are also considered in determining the reasonableness of an award for child support. Ruppel v. Ruppel, 103 Ariz. 545, 447 P.2d 237 (1968).

■ In reviewing the affidavits of the parties, as well as their testimony, it is evident that the trial court took all these factors into consideration. The expense items enumerated in the wife's affidavit total $926.50 and review of the record substantiates this amount as necessary. The parties' family doctor testified that in his opinion the plaintiff has a low-grade rheumatoid arthritis; that she is totally disabled and would probably never be able to hold down a regular job. Although the defendant claimed he needed $680 monthly living expense, he has included in this figure $225 for insurance payments. We find

nothing in the record which obligates him to continue these payments and do not consider them necessary in considering his expenses. Once this figure is subtracted, his expenses are only $455. Having only funds of $1,200 per month available, the trial judge apparently decided to allow the parties somewhat less than their respective estimates. Based upon the foregoing, we find no abuse of discretion and affirm the awards of alimony and child support.

As previously mentioned, however, the trial court erred in the disposition of the jointly held property. Therefore, we reverse and remand for further proceedings not inconsistent herewith.

HATHAWAY, C. J., and HOWARD, J., concur.

Note: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.