521 P.2d 640

Leonard PANTANO, Appellant,

v.

Barbara PANTANO, Appellee.

No. I CA–CIV 2469.

Court of Appeals of Arizona,
Division 1.

April 30, 1974.

Roe & McDonough by Fenton J. Mc-Donough, Scottsdale, for appellant.

Meadow, Cheche, Nastro & Thrasher by Pasquale R. Chéche, Phoenix, for appellee.

## OPINION

KRUCKER, Judge.

This appeal challenges certain portions of a divorce decree. The notice of appeal filed below specified three paragraphs of the decree as being subject of this appeal. Appellant, however, has attempted on appeal to challenge another provision of the decree which was not specified in the notice of appeal and has presented no argument with respect to a portion specified in the notice of appeal. We therefore will confine our review to the provisions of the decree specified in the notice of appeal and argued on appeal.

Appellant's initial contention is directed to the award of the family residence to the appellee. The property was acquired by the parties in 1969 (after the 1962 amendment to A.R.S. § 25–318). The deed of conveyance, which was admitted into evidence, reflects that the parties took title as joint tenants with right of survivorship. The deed, being valid on its face, showed prima facie title in the parties as joint tenants with right of survivorship. Cf., Merrifield v. Merrifield, 95 Ariz. 152, 388 P.2d 153 (1963). There was no evidence of any kind to disparage the efficacy of this deed and therefore the family

**542**

residence should have been considered joint tenancy property. Lecky v. Staley, 6 Ariz.App. 556, 435 P.2d 63 (1967).

The trial court, in the case *sub judice*, did not have the benefit of the Arizona Supreme Court decision in Becchelli v. Becchelli, 109 Ariz. 229, 508 P.2d 59 (1973), which was handed down approximately seven weeks after this divorce trial. In Williams v. Williams, 19 Ariz.App. 544, 509 P.2d 237 (1973), we held, citing *Becchelli*, supra, that the superior court lacks jurisdiction to award joint tenancy property to one party. We hold therefore that the trial court erred in awarding appellee the family residence.

Appellant also complains of the fact that the trial court ordered him "to hold certain savings accounts and bonds, more particularly described in his answers to interrogatories" in trust for the benefit of the minor children until they were emancipated. He argues that the effect of this provision was to divest him of his sole and separate property. It is true the evidence reflects that appellant used his separate property (approximately $2,500) to buy United States bonds and establish savings accounts for the children. However, there is no law which prevents a father from being generous and making gifts to his minor children. By his own admission he made gifts to his children and the trial court was merely preventing appellant from changing his mind. Appellant had already divested himself of his property and cannot now claim that the trial court did so.

Since the trial court erred in awarding the jointly-held residential property to appellee, the cause is remanded for further proceedings not inconsistent herewith.

HATHAWAY, C. J., and HOWARD, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12-120(E).