535 P.2d 1314

**Ruth N. BATESOLE, Appellant,**

v.

**Dale F. BATESOLE, Appellee.**

**No. 1 CA–CIV 2563.**

Court of Appeals of Arizona,
Division 1,
Department A.

May 29, 1975.

Rehearing Denied Aug. 5, 1975.
Review Denied Oct. 9, 1975.

Hash, Cantor & Tomanek, by Virginia Hash, Phoenix, for appellant.

Warner & Angle, by Jerry L. Angle, Phoenix, for appellee.

## OPINION

DONOFRIO, Judge.

The issue before this Court is whether the trial court's equal division of certain jointly held property upon the divorce of the parties is supported by the evidence and in accordance with the law in this state.

After a trial before the court the Batesoles were granted a divorce, and the trial court found that certain real property and personal property including stocks, bonds, and bank accounts, were held in joint tenancy with right of survivorship and were to be equally divided between Mr. and Mrs. Batesole. Appellant appeals only from the trial court's disposition of the property and further alleges overreaching, fraud, duress, and undue influence practiced by Mr. Batesole upon his wife.

Both parties were in their sixties at the time of their marriage in June 1968 in Scottsdale, Arizona. They had known each other for several years prior to their marriage while the appellant was living in Hawaii. At the time of their marriage Mrs. Batesole owned considerable property left to her by her former deceased husband, including Louisiana oil land from which she enjoyed a large income. Mr. Batesole was a minister and the director of his church's Fillmore Foundation. It could be said that his financial condition was somewhat limited at the time of marriage, with assets between $3,000 and $5,000. During his visits to Hawaii, and while he lived there from time to time, a romance "blossomed" between the two, resulting in their subsequent marriage. The record indicates that up until the time of the divorce the marriage was a normal, happy one. Nevertheless, the parties were divorced in July of 1973 and the property which is the subject of this appeal was distributed at that time. Before and during the marriage the parties bought several pieces of real property in Arizona, bought personal property including stocks and bonds, and opened checking and savings accounts. Title to all the foregoing was held as joint tenants with right of survivorship. The record clearly supports the trial court's determination that all transactions were entered into freely and knowingly by both parties. Although appellant alleges fraud and overreaching by Mr. Batesole, there is nothing in the record that would support such an allegation. Mr. Batesole

kept extensive records of all financial dealings of the parties which were always available for Mrs. Batesole's inspection, and the record shows that he treated her kindly and never physically or verbally abused her. It is to be noted that all the property in question was acquired *after* the 1962 amendment to A.R.S. § 25–318 and *before* the 1973 amendment to that statute concerning distribution of property on divorce or dissolution of marriage.

This Court, in deciding the issue before it, must apply the law that existed at the time the property in question was acquired by the parties to this divorce action. Therefore the 1962 amendment to A.R.S. § 25–318 is the applicable statutory law. It states in pertinent part as follows:

"A. On entering a judgment of divorce the court shall order such division of the property of the parties as to the court seems just and right, according to the rights of each of the parties and their children, without compelling either party to divest himself or herself of title to separate property, except that as to property held by the parties either as joint tenants with right of survivorship, as tenants in common, or as tenants by the entirety, the court may in the same action, on its own initiative or on petition of either party, order division of such property in the manner provided by title 12, chapter 8, article 7."

This section of the statute was interpreted by our State Supreme Court in the cases of Becchelli v. Becchelli, 109 Ariz. 229, 508 P.2d 59 (1973) and O'Hair v. O'Hair, 109 Ariz. 236, 508 P.2d 66 (1973). *After* these decisions the 1973 amendment to A.R.S. § 25–318 was made. Among its holdings in the Becchelli case the Supreme Court found that the above 1962 amendment was merely a procedural device that allowed the court to settle all property rights of the parties to the divorce in one action and did not give the court authority to divide jointly held property as seems just and right. The Becchelli majority adopted the rule of the case of Collier v. Collier, 73 Ariz. 405,

242 P.2d 537 (1952), and held that title may evidence joint ownership, but that the legal consequence is that each joint owner has a separate estate or interest in the property, and that therefore the trial court must set aside to each party his "separate estate" in the jointly held property. In the Becchelli case the property in question was acquired with the separate funds of the husband, but the Supreme Court held that it was error to award it all to him as his separate property.

At the same time it decided Becchelli, supra, the Supreme Court handed down its decision in O'Hair, supra. We interpret the O'Hair case as being limited to jointly held bank accounts, and that the intent of the depositor determines if the joint owner is to share a one-half interest in the deposit. In other words, no gift is presumed where one spouse deposits money in an account as a joint tenant with the other spouse. However, in the Becchelli case it was held that by putting title to property in joint tenancy with right of survivorship one spouse *was* presumed to have made a gift to the other.

Since the Becchelli and O'Hair cases, supra, Division Two of this Court has applied those two decisions in the cases of Williams v. Williams, 19 Ariz.App. 544, 509 P.2d 237 (1973); Harris v. Harris, 20 Ariz.App. 223, 511 P.2d 667 (1973); Pantano v. Pantano, 21 Ariz.App. 541, 521 P. 2d 640 (1974); Oppenheimer v. Oppenheimer, 22 Ariz.App. 238, 526 P.2d 762 (1974); and Myrland v. Myrland, 19 Ariz.App. 498, 508 P.2d 757 (1973).

In the Williams case the Becchelli rationale was applied to real property and to personal property in the nature of jointly held stocks. In the Myrland case the O'Hair rationale was again applied to jointly held bank accounts. The Harris, Pantano and Oppenheimer cases all applied the Becchelli rationale to real property.

Our interpretation of all the above cases leads us to conclude that where real property distribution is at issue

in a divorce proceeding and that property is held jointly with right of survivorship, then the trial court may make an *equal* distribution of that property when requested by one of the parties. In such a situation there is presumed to be a gift of one-half interest in the real property from one spouse to the other; and the trial court would err if it set aside that real property *in toto* to one of the parties as his separate property. A.R.S. § 25–318. We would also apply this rule to jointly held personal property, except for jointly held bank accounts which are governed presently by the O'Hair case. See McKay v. Industrial Commission, 103 Ariz. 191, 438 P.2d 757 (1968).

In the instant case the record entirely supports the property distribution made by the trial court.

Although the O'Hair case held that the mere form of the bank account (joint tenants) is not regarded as sufficient to establish the intent of the depositor to give another a joint interest in or ownership of the account, in the instant case the bank accounts in issue were unquestionably intended to be the property of both Mr. and Mrs. Batesole. In fact, a small portion of the joint bank accounts could be traced to the separate property of Mr. Batesole, although the majority of the fund was traceable to Mrs. Batesole's assets. However, as we have noted, the record confirms the trial court's determination that Mrs. Batesole intended that she and her husband would share equally in all real and personal property that they acquired as joint owners.

For the foregoing reasons we affirm the decision of the trial court.

OGG, P. J., concurring.

FROEB, Judge (concurring specially):

The majority opinion correctly decides this case on grounds with which I am in substantial agreement. Because of the omnipresence of joint tenancy ownership in Arizona at this time and its often casual use as a means of "avoiding probate," further consideration should be given to the meaning of the *Becchelli* case.

In a dissolution proceeding, the court will award separate property to its owner and divide community property in a manner that is "just and fair." The *Becchelli* case holds that real property held in joint tenancy ownership by the spouses cannot be divided between the parties in a manner that is "just and fair." It must be divided (or sold and proceeds allotted) according to the separate estate or interest of each spouse. In my opinion, this does *not* mean that the property or its proceeds must be divided *equally*. The court may make an *unequal* division where it finds the facts demonstrate *unequal* contributions and the absence of a gift from one spouse to the other. Which is to say that the deed and thus the form of holding title in joint tenancy is not necessarily conclusive as to how great a portion each party owns when the issue is raised in either a dissolution or partition action.

Grantees under a joint tenancy deed are presumed to own equal shares, but the presumption may be rebutted by parole evidence. Duston v. Duston, 31 Colo.App. 147, 498 P.2d 1174 (1972). It is presumed that a spouse who supplies the entire consideration for the acquisition of jointly held real property has made a gift of an undivided one-half thereof to the other spouse. Palmer v. Protrka, 257 Or. 23, 476 P.2d 185 (1970) (where the wife supplied the consideration); Becchelli v. Becchelli, supra (where the husband supplied the consideration). See Annot., 43 A.L.R.2d 917 (1955).

In the present case the joint tenancy real property was paid for almost entirely by Ruth Batesole from her separate property. The trial court ordered that it be sold and the net proceeds be divided equally. While there are no express findings either upholding or rejecting a gift from Mrs. Batesole to Mr. Batesole, we note that there is evidence on both sides of the issue. It will be assumed, in the absence of specific find-

ings, that the trial court made every factual determination necessary to support its judgment. Silva v. De Mund, 81 Ariz. 47, 299 P.2d 638 (1956). Therefore, I would hold the record supports the presumed determination by the trial court that the evidence was insufficient to overcome the presumption of a gift. As we have repeatedly stated, it is the function of the trial court, not the appellate court, to weigh the evidence. Thus an equal division of the jointly held property in this case should be upheld and the judgment of the trial court affirmed.