343 So.2d 963 (1977)
Concetta R. SCHEIDL, Appellant,
v.
Julius SCHEIDL, Appellee.
No. CC-127.
District Court of Appeal of Florida, First District.
March 24, 1977.
Robert W. Tongue, Fort Walton Beach, for appellant.
James W. Grimsley, of Smith, Grimsley, Barron & Remington, Fort Walton Beach, for appellee.
RAWLS, Acting Chief Judge.
The aftermath of this dissolution of marriage is that the wife is of the firm opinion that she has been shortchanged by the trial court's disposition of the material goods involved in this litigation. We agree and reverse.
The parties were married on May 24, 1967, and cohabited together as husband and wife until on or about March 10, 1975. Except for two years when she was attending college, the wife worked and deposited her income in a joint account which was spent for household and joint living expenses. Her unrebutted testimony was, "I think I've made over excess of $45,000.00 [during the marital venture] and it's all gone into the marriage; that's the way I thought it was supposed to be."[1] During their marriage, they built a home on land that the husband owned at the outset which, according to the husband's testimony, had a value of $48,000.00.[2] In addition, he had accumulated two lots in Walton County in his name, which "I assumed that they were going to put those in joint property; I didn't know."
By its final decree, the trial court awarded all of the real estate to the husband along with two automobiles and other personal property. The wife was awarded a Karman Ghia automobile, one-half of a joint savings account of some $1,400.00, along with the observation that with her master's degree her earning power is in excess of the husband's.
The trial court abused its discretion in not awarding the wife, at the minimum, a one-half special equity in the two Walton County lots. Without the wife's contributions to the family expenses, it is most apparent from this record that the subject lots could not have been purchased. Coupled with the foregoing contributions on the wife's part is the husband's candid admission *964 that he assumed the two lots would be joint property. Brown v. Brown, 300 So.2d 719 (Fla. 1st DCA 1975).
Reversed and remanded.
SMITH and ERVIN, JJ., concur.
NOTES
[1] The wife also sold a house which she had owned prior to the marriage and deposited approximately $2,500.00 into the joint account.
[2] The husband also testified that a $19,000.00 mortgage was outstanding and that the increase in value was mostly "in the lot itself ... There's only about a $1,300.00 equity in the house."