581 P.2d 704

Patricia A. GRANT, Appellant,

v.

Blair M. GRANT, Appellee.

No. 1 CA–CIV 3834.

Court of Appeals of Arizona,
Division 1,
Department B.

May 23, 1978.
Rehearing Denied June 29, 1978.

Alston, Edwards, Scott & Novak, P. C., Gerald W. Alston, Phoenix, for appellant.

Levin B. Ferrin, Phoenix, for appellee.

## OPINION

OGG, Judge.

Here we must determine if the trial court erred in the decree of dissolution of marriage by awarding the appellee/plaintiff Blair M. Grant, (husband) a one-half interest in certain joint tenancy stock certificates claimed by the appellant/defendant Patricia A. Grant (wife) to be her separate property.

The facts disclose that in 1970 the wife inherited certain real and personal property from her father's estate. Among the property items inherited was a home in Michigan which she had placed in her own name, and certain shares of stock which she had her attorney place in joint tenancy with her husband. The wife testified she never intended to make a gift to her husband and had the property put in joint tenancy only to avoid future inheritance taxes for their children and to keep the property in the family. She acknowledged she voluntarily placed the stocks in joint tenancy; it was her intention that in the event of her death all stocks would go to her husband. All stock dividends were placed in a joint bank account, although no discussion of ownership was ever held until the dissolution action began. The final dividend check of December, 1976, the month prior to trial, was endorsed by both parties and the proceeds equally divided.

In the decree of dissolution of marriage entered January 26, 1977, the court found that "Wife has failed her burden of proof that the Phelps Dodge stock and the Sunstrand stock are her separate property and that the presumption of a gift will prevail."

It is undisputed that the stocks the wife inherited were initially her separate property. See ARS § 25–213. The real issue then narrows to whether the wife intended to make a gift to her husband of one-half interest in the stock at the time she instructed her attorney to put the stock in joint tenancy in 1970.

The wife relies principally upon *O'Hair v. O'Hair,* 109 Ariz. 236, 508 P.2d 66 (1973). In that case the Arizona Supreme Court ruled that separate property cash, when deposited in a joint husband and wife checking account, creates no presumption of gift under Arizona law. The Court stated:

> It is well settled in Arizona that where a person deposits money in a bank to the credit of himself and another, payable to the order of either, or the survivor of them, such deposit vests in the other a joint interest with the depositor in the fund. *Any question as to the extent of the other's interest is determined from the intention of the depositor—whether a gift was intended or whether the joint tenancy was entered into for other purposes.* [Emphasis added] 109 Ariz. at 238, 508 P.2d at 68.

The husband relies upon legal principles set out in *Becchelli v. Becchelli,* 109 Ariz. 229, 508 P.2d 59 (1973), and *Batesole v. Batesole,* 24 Ariz.App. 83, 535 P.2d 1314 (1975). In *Becchelli* the court held there was a rebuttable presumption that separate real property placed in joint tenancy by a husband signifies his intent to make a gift to his wife of a one-half interest in the property. In *Batesole* the court upheld the trial court's equal division of real and personal property held in joint tenancy by a husband and wife against the wife's claim that such property was her separate property.

■ We have some problem with the present state of Arizona's law on this issue.

**472**

We find it difficult to reason why there is a presumption of a gift when one spouse places separate real property in joint tenancy while there is no presumption of a gift when a spouse places separate personal property in the form of cash into a joint bank account. The general Arizona case law dealing with presumptions is confusing at best. M. Udall, Arizona Law of Evidence, §§ 191, 192 (1960). A review of our cases leads us to the conclusion that this may be more a battle of words than a conflict of great substance. Under all Arizona case law the finder of fact must find the intent of the party creating the joint tenancy. *Brown v. Navarre,* 64 Ariz. 262, 169 P.2d 85 (1946); *McNabb v. Fisher,* 38 Ariz. 288, 299 P.2d 679 (1931). Even when the joint tenancy applies to real property the presumption of a gift can be rebutted. *Becchelli v. Becchelli; Blaine v. Blaine,* 63 Ariz. 100, 159 P.2d 786 (1945). In the final analysis, the fact that a spouse puts separate property into joint tenancy with the other spouse must be an inference or indication that a gift was intended, but this is considered only with all the other evidence bearing upon the issue of intent.

▆ Here, the trial judge determined that the wife intended to make a gift of her separate property when she instructed her attorney to convert the stocks into a joint tenancy ownership. This court will not interfere with such a determination unless it was clearly unwarranted. *Chirekos v. Chirekos,* 24 Ariz.App. 223, 537 P.2d 608 (1975). We find there is ample evidence to support the finding of the trial court. The wife, of her own free will, instructed her attorney to place the stocks which she inherited into joint tenancy. She had the real property from her inheritance placed in her name as her sole and separate property, which would indicate she was not a complete novice in the management of property. The dividends from the stock came in both names and the parties treated them as jointly owned assets.

The judgment of the trial court is affirmed.

EUBANK, P. J., and JACOBSON, J., concur.