595 P.2d 662

In re the MARRIAGE OF James Edward
FURIMSKY, Appellant,

and

Virginia Ann Furimsky, Appellee.

No. 13791–PR.

Supreme Court of Arizona,
In Banc.

April 4, 1979.

Rehearing Denied May 22, 1979.

Skousen, McLaws & Skousen by Richard E. Skousen, Mesa, for appellant.

Larry J. Richmond, P. C. by William M. Lawson, Jr., Phoenix, for appellee.

HOLOHAN, Justice.

The appellant appealed the order of the superior court which modified the decree of dissolution by awarding the appellee one-half of $^{17}$⁄₂₀ths of appellant's military retirement pay. The Court of Appeals affirmed the judgment of the superior court. *Furimsky v. Furimsky*, 122 Ariz. 385, 595 P.2d 177 (App.1978). Appellant sought review by this court.

Because of the conflict between the decision of the Court of Appeals, Division Two, in *Czarnecki v. Czarnecki,* —— Ariz. ——, —— P.2d —— (App.1978) (2 CA–CIV 2499 filed Jan. 24, 1978) and the decision of Division One of the Court of Appeals in the present case, we granted review. The decision of the Court of Appeals in this case is vacated.

On appeal appellant has raised a single issue, and that is whether the superior court made a proper division of his military retirement pay.

There is no dispute in the essential facts of the case. The appellant, a resident of Pennsylvania, entered the United States Air Force in October 1954. Thereafter he followed his career with the air force until his retirement in November 1974.

On March 7, 1957, while stationed at Cannon Air Force Base, New Mexico, he married the appellee, and they remained husband and wife until their marriage was dissolved in the Superior Court of Maricopa

County, Arizona, on March 12, 1974. During their marriage the appellant was stationed at a number of air bases throughout the world. Appellant, during his marriage, served approximately forty-six months in community property states, namely New Mexico and Arizona.

At the time of the Decree of Dissolution the appellant had not retired from the service. The decree made no provision for any interest the community might have in appellant's retirement. Subsequent to appellant's retirement, the appellee sought to modify the decree to recognize a community interest in the military retirement and to divide it.

The superior court granted the petition to modify, and the court ruled that three years of pension rights were separate property but seventeen years were community property. Appellant challenges this ruling.

The superior court based its ruling on A.R.S. § 25–318 and particularly the so-called "quasi-community property" portion of the statute:

"For purposes of this section only, property acquired by either spouse outside the state shall be deemed to be community property if said property would have been community property if acquired in this state."

In *Van Loan v. Van Loan,* 116 Ariz. 272, 569 P.2d 214 (1977) and *Neal v. Neal,* 116 Ariz. 590, 570 P.2d 758 (1977) this court ruled that the portion of retirement pay attributable to the effort of the community was deemed community property. Thus the appellee is entitled to a share in at least that portion or percentage of the retirement pay attributable to the period when appellant, while married, was serving in community property states.

Appellant contends that the trial court erred in granting appellee an interest in the retirement pay which includes the entire period of their marriage. He argues that the quasi-community property section should not be given retroactive application. We agree.

The first principle in construing the statute in question is that no statute is retroactive unless expressly declared therein A.R.S. § 1–244. There is no language in A.R.S. § 25–318 which indicates that it was to be applied retroactively. This is in contrast to a similar California statute enacted in 1961 which provided in part:

"'[Q]uasi-community property' means all personal property wherever situated and all real property situated in this State *heretofore or hereafter acquired:*

"(a) By either spouse while domiciled elsewhere which would have been community property of the husband and wife had the spouse acquiring the property been domiciled in this State at the time of its acquisition." (Emphasis supplied.) Cal.Civ.Code, § 140.5.

It appears that there was appropriate guidance for the Arizona legislature if it had intended to make A.R.S. § 25–318 retroactive. Additionally, there was a history of interpretations of previous amendments to this statute which had all construed the amendment to be prospective.

After the 1962 amendment to former A.R.S. § 25–318 this court in at least two instances held that the amendment did not have retroactive effect, and property acquired prior to 1962 was not subject to division in the manner provided by the 1962 amendment. *See Headley v. Headley,* 101 Ariz. 331, 419 P.2d 510 (1966); *DeMarce v. DeMarce,* 101 Ariz. 369, 419 P.2d 726 (1966).

The current statute was held not to have retroactive effect in *Oppenheimer v. Oppenheimer,* 22 Ariz.App. 238, 526 P.2d 762 (1974) and *Batesole v. Batesole,* 24 Ariz. App. 83, 535 P.2d 1314 (1975). In each case review was denied by this court.

In consideration of the rules of statutory construction provided in our statutes and the history of judicial decisions applicable to this section, we conclude that the failure of the legislature to use any language indicating an intention of retroactive application must be construed as indicating that the statute is not to be given retroactive application.

Since the trial court gave the statute retroactive application, the modification of the judgment must be reversed. The case is remanded to the trial court for further proceedings consistent with this opinion.

STRUCKMEYER, V. C. J., and HAYS, J., concur.

GORDON, Justice (dissenting):

The majority opinion concludes that the "quasi-community property" section of A.R.S. § 25–318 applies only to property acquired after the effective date of the statute. I disagree. The portion of the statute in question reads as follows:

"For purposes of this section only, property *acquired* by either spouse outside the state shall be deemed to be community property if said property *would have been* community property *if acquired* in this state." A.R.S. § 25–318 A. (Emphasis added.)

The majority's conclusion is based on language in A.R.S. § 1–244, which states that no statute is retroactive unless expressly declared therein. I find language in the Court of Appeals' opinion to be dispositive on this issue:

"In *Schuster,* [*Schuster v. Schuster,* 42 Ariz. 190, 23 P.2d 559 (1933)] the Court stated that when language used in a statute is plain and demonstrates that it is to be applied to periods prior to its effective date, then the statute should be so applied. The legislature, stressed the Court, need not use the expression 'this statute shall be retroactive' or any similar language in expressing its legislative purpose. The Court went on to hold that the language of the statute before it was sufficient to indicate legislative intent *because it was phrased in the past tense.*

"The same type of language is used here. At the time the statute became effective, the only property to which it could apply was property acquired in the past by the parties in other jurisdictions. The statute expressly applies to property 'acquired' in other jurisdictions." (Emphasis added.) *Furimsky v. Furimsky,*

122 Ariz. 385, 390, 595 P.2d 177, 182 (1978).

In footnote # 4, the Court of Appeals' opinion further elaborated:

"California's statute [which was held to be retroactive] specifically states that it is to apply to all property 'heretofore or hereafter acquired,' but we do not believe that the absence of that language in the Arizona statute indicates an intent to make our statute apply prospectively only. The language was added to the California statute in response to an early California court decision, *Estate of Frees,* 187 Cal. 150, 201 P. 112 (1921), which had misinterpreted that legislature's intent. In *Estate of Drishaus,* 199 Cal. 369, 249 P. 515 (1926), the court treated this language as demonstrating a legislative intention to make the statute retroactive." *Furimsky, supra,* 122 Ariz. at 390 n. 4, 595 P.2d at 182 n. 4.

The majority opinion also states that A.R.S. § 25–318 was held to have retroactive effect in *Oppenheimer v. Oppenheimer,* 22 Ariz.App. 238, 526 P.2d 762 (1974) and *Batesole v. Batesole,* 24 Ariz.App. 83, 535 P.2d 1314 (1975) and that in each case review was denied by this Court. As the Court of Appeals' opinion properly stated:

"That decision [*Oppenheimer*], however, involved a different portion of A.R.S. § 25–318 which deals with division of joint tenancy property acquired in Arizona and has nothing whatsoever to do with property acquired in other jurisdictions." *Furimsky, supra,* 122 Ariz. at 391, 595 P.2d at 183.

*Batesole, supra,* also dealt solely with the division of joint property.

I am also persuaded by the Court of Appeals' conclusion that it is highly unlikely that the legislature intended to promulgate such awkward procedures as are now mandated by the majority's conclusion that the statute in question applies only to property acquired after its effective date.

"Under such an application, two different kinds of property would be created: that acquired prior to August 8, 1973, and that

acquired after. If that were the case, our courts would continue to cope with the problems of the prior law in every dissolution involving parties who lived outside of this state prior to 1973, and it would take a generation or more to achieve the consistent and unified application of law envisioned by the statute. Thus, hypothetically, if a couple moved to Arizona in 1977 from a common law jurisdiction, and applied for dissolution in this State today, the court would have to apply the law of the former domicile to all property acquired prior to 1973, but Arizona law to property acquired in that same State thereafter. We perceive little social utility in such an application." *Furimsky, supra,* 122 Ariz. at 390, 595 P.2d at 182.

For all of the above reasons, I respectfully dissent.

CAMERON, Chief Justice (concurring): I concur with Justice Gordon.