606 P.2d 834

John L. KREIMEYER,
Petitioner/Appellant,

v.

Hazel J. KREIMEYER,
Respondent/Appellee.

No. 2 CA–CIV 3272.

Court of Appeals of Arizona,
Division 2.

Jan. 30, 1980.

Jacob Leon Siken by Carl M. Tootle, Tucson, for petitioner/appellant.

Ronald J. Kalish, Tucson, for respondent/appellee.

OPINION

HOWARD, Judge.

There are two main issues in this case. One, whether the pension of a commissioned officer in the United States Public Health Service is subject to division by a state court upon dissolution of marriage and two, whether the trial court erred in awarding the wife a share of the pension which accrued when the husband was stationed in noncommunity property states.

The parties were divorced on March 7, 1979. The husband has served in the armed forces or has been a commissioned officer in the Public Health Service for 25 years. During 20 of those years the parties were married. He is entitled to retirement benefits pursuant to 42 U.S.C. Sec. 212.

In dividing the property the trial court ordered the husband:

" . . . to pay to her one-half of whatever sum of said retirement benefits is the result of dividing Petitioner's total retirement benefits by the fraction of 20 years over Petitioner's total years in service at time of retirement."

Appellant contends that the case of *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979) precludes a division of his retirement benefits by the trial court. We do not agree. *Hisquierdo* concerned retirement benefits payable under the Railroad Retirement Act. The decision was based on the language of 45 U.S.C. 231(n). Similar language cannot be found under the statutes dealing with the retirement of commissioned officers in the Public Health Service. *Hisquierdo* is not on point and we hold that the retirement benefits of a commissioned officer in the Public Health Service are subject to division upon dissolution. Cf. *Czarnecki v. Czarnecki*, 123 Ariz. 466, 600 P.2d 1098 (1979).

Relying on A.R.S. Sec. 25–318, which provides that property acquired by either spouse outside the state shall be deemed to be community property if it would have

been community if acquired in this state and which further requires the court to make an equitable division of community property, the court concluded that appellant's retirement benefits were community property and made the aforementioned division. The husband contends the trial court erred in dividing benefits acquired outside Arizona before 1973 because the court relied on this statute which was enacted in 1973 and which operates only prospectively. See *In re Marriage of Furimsky*, 122 Ariz. 430, 595 P.2d 662 (1979).

While the trial court incorrectly gave retrospective application to A.R.S. Sec. 25–318, we will affirm if the correct result was reached despite incorrect reasoning. *In re Estate of Beaman*, 119 Ariz. 614, 583 P.2d 270 (App.1978). In *Rau v. Rau*, 6 Ariz.App. 362, 432 P.2d 910 (1967) we held that an Arizona court could equitably divide the property, even though it was separate property in the state of acquisition, if such state would divide the property equitably on dissolution. Prior to coming to Tucson in 1971, the parties lived in Florida, Minnesota, New Mexico, North Dakota, Oklahoma and South Dakota. Since New Mexico is a community property state that portion of the pension based on service in New Mexico is unquestionably subject to equitable division by an Arizona court. All the other jurisdictions in which the parties lived, except Florida, have a statute which authorizes division of the property of the parties.[1]

Florida, having no similar statute, has developed case law which is less generous than the statutes of the other states. In Florida the wife has a special equity in the separate property of the husband if she contributed to its acquisition either financially or by means of personal services. See *Tanner v. Tanner*, 194 So.2d 702 (Fla.App. 1967); *Scheidl v. Scheidl*, 343 So.2d 963 (Fla.App.1977). We do not believe a Florida court would have given appellee an interest in the pension and therefore the trial court erred in not excluding the three years in Florida from the computation.

The judgment is modified to order the husband to pay to the wife a portion of his retirement pay equal to one-half of the product of appellant's retirement pay multiplied by the fraction of 17 years over his total years in service.

Affirmed as modified.

HATHAWAY, C. J., and RICHMOND, J., concur.

---

1. Minn.Stat.Ann. Secs. 518.54 and 518.58 (West 1969); N.D.Cent.Code Sec. 14–05–24 (1971); Okla.Stat.Ann. tit. 12, Sec. 1278 (West 1961); South Dakota Codified Laws Sec. 25–4–44 (1976).