657 P.2d 905

**Bert PORTLEY,
Petitioner/Appellee/Cross
Appellant,**

**v.**

**Mary PORTLEY,
Respondent/Appellant/Cross
Appellee.**

**No. 2 CA–CIV 4373.**

Court of Appeals of Arizona,
Division 2.

Oct. 12, 1982.

Rehearing Denied Nov. 10, 1982.

Review Denied Dec. 14, 1982.

Ramaeker, Fauver & Till, by Gary W. Ramaeker, Sierra Vista, for petitioner/appellee/cross appellant.

Donau & Bolt, by John R. Bolt, Tucson, for respondent/appellant/cross appellee.

OPINION

HATHAWAY, Judge.

This appeal is from a superior court order modifying a decree of dissolution as to one provision awarding appellant a portion of appellee's military retirement benefits. The challenged order dismissed appellant's petition for contempt and terminated appellant's entitlement to such benefits as of the date appellee's Rule 60(c) motion was filed, November 20, 1981. Appellee has cross-appealed as to the latter aspect of the order on the ground that the termination date should be June 26, 1981, when *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), was decided by the U.S. Supreme Court. In view of our disposition of the appeal, the cross-appeal is moot.

The decree of dissolution, entered September 12, 1980, contained the following provision:

"6. That the Wife shall receive a portion of the Husband's military retirement

benefits in accordance with the following formula:

$$\frac{1}{2} \times \frac{a}{b} \times p = \text{Wife's Entitlement}$$

a = Years married while in military service

b = Total years in military service (20 years)

p = gross monthly pension (Gross pay means after taxes but before deductions for allotments.)

This formula is based upon case law and an interpretation of A.R.S. § 25–318, as amended by the 1980 Arizona State Legislature. In the event A.R.S. § 25–318, as amended by the 1980 Arizona State Legislature, is interpreted by an appellate court to set out a formula other than that which is noted herein, then this formula will be amended to comply with such appellate court's decision."

We have recently held that *McCarty* is inapplicable to dissolution decrees which have become final prior to the date of the *McCarty* decision. *Rodriguez v. Rodriguez,* 133 Ariz. 88, 649 P.2d 291 (App.1982), approved by the Arizona Supreme Court in *Rodriguez v. Rodriguez,* 133 Ariz. 87, 649 P.2d 290 (1982). Therefore the only question is whether the decree of dissolution itself provided for retroactive application of *McCarty.* The trial court so construed it, but we disagree.

The record reflects that the provisions of the decree as to property division, child custody, support, visitation, insurance and payment of debts were the result of the parties' agreement. We therefore must ascertain their intent as to amendment of "the formula" in futuro.

The language of paragraph 6 is clear. The formula was based on the 1980 amendment of A.R.S. § 25–318 which provided for retroactive application of the quasi-community property section.[1] Therefore, *all* the years married while in military service were used in the formula regardless of whether any portion thereof was in a non-communi-

ty property state. Compare *Czarnecki v. Czarnecki,* 123 Ariz. 478, 600 P.2d 1110 (App.1978), approved 123 Ariz. 466, 600 P.2d 1098 (1979). *McCarty* is not an interpretation of A.R.S. § 25–318, as amended, and thus has no impact whatsoever on the formula.

The order terminating appellant's entitlement to a share of appellee's military retirement benefits is vacated. The cross-appeal is dismissed as moot.

HOWARD, C.J., and BIRDSALL, J., concur.

---

1. The purpose was obviously to overrule the holding of *In re Marriage of Furimsky,* 122 Ariz. 430, 595 P.2d 662 (1979), that the statute was not to be given retroactive application as the legislature had not expressed such intention.