NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

SUMMIT INTERNATIONAL LLC, an Arizona limited liability company,
*Plaintiff/ Counterdefendant/Appellant/Cross-Appellee*,

*v.*

RALPH REES, *Defendant/Counterclaimant/Appellee/Cross-Appellant*.

No. 1 CA-CV 15-0116
FILED 7-28-16

Appeal from the Superior Court in Yavapai County
No. P1300CV20080479
The Honorable Patricia A. Trebesch, Judge

**AFFIRMED**

COUNSEL

Robert A. Miller, PLC, Prescott
By Robert A. Miller
*Counsel for Plaintiff/ Counterdefendant/Appellant/Cross-Appellee*

Curtis D. Drew, Scottsdale
*Counsel for Defendant/Counterclaimant/Appellee/Cross-Appellant*

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Randall M. Howe joined.

---

**T H U M M A**, Judge:

¶1  Plaintiff Summit International, LLC appeals from the grant of defendant Ralph Rees' motion for judgment as a matter of law on damages, following a verdict for $24,000 on Summit's claim that Rees recorded a false document in violation of Arizona Revised Statutes (A.R.S.) section 33-420 (2016).[1] Because Summit has shown no error, the judgment as a matter of law is affirmed.

### FACTS[2] AND PROCEDURAL HISTORY

¶2  In 2005, Summit purchased from Gladiator Ridge, LLC (Gladiator) real property in Yavapai County, referred to by the parties as Golden Crown, for $24,000. An unimproved road over a portion of Golden Crown existed at the time of Summit's purchase. A year before Summit's purchase, Rees recorded in Yavapai County a right of way, dated July 15, 2000, and containing the non-notarized signature of a "Gerald Reed," providing an easement over the unimproved road on Golden Crown.[3] The continued existence of this recorded easement is at the center of this dispute.

¶3  In mid-2007, Randy Duncan, a licensed real estate agent, expressed interest in buying Golden Crown for $140,000. The continued existence of Rees' easement, however, concerned Duncan. In December

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

[2] On appeal, this court views the evidence in the light most favorable to upholding the jury's verdict. *Powers v. Taser Int'l Inc.*, 217 Ariz. 398, 399 n.1 ¶ 4 (App. 2007).

[3] Gerard T. Reed or Gloria Ann Reed, trustee(s) or successor trustee(s) of the Reed Trust dated July 21, 1994, owned Golden Crown before it was transferred to Gladiator in August 2000.

2007, Summit sent a notice to Rees that the easement was invalid and demanded its release within 20 days pursuant to A.R.S. § 33-420. Rees rejected that demand. As a result, Duncan did not make an offer to buy Golden Crown. In 2009 or 2010, Summit sold an unspecified portion of Golden Crown and an unspecified portion of a neighboring parcel to another buyer for an unspecified price.

¶4 In March 2008, Summit sued Rees, claiming his refusal to release the easement was improper and seeking damages under A.R.S. § 33-420. After disclosures, discovery and motion practice, the case went to trial in early 2014. On December 20, 2013, about a month before trial, Rees released his purported easement in a recorded instrument.

¶5 At trial, Summit's case in chief included various exhibits and testimony from its manager, Wade Hampton, and Duncan. The jury heard evidence that: (1) Summit paid $24,000 in cash for Golden Crown; (2) in the second half of 2007 and 2008, Duncan was ready, willing and able to pay $140,000 for Golden Crown if the easement had been removed; (3) in 2008, Rees refused a demand to release the easement, resulting in a lost sale to Duncan and (4) by December 2008, Golden Crown (which was still subject to the easement) was worth no more than $75,000.

¶6 The trial record, however, does not reflect the value of Golden Crown after Rees removed the fraudulent easement, nor does it reflect the sale price of the portion of Golden Crown or exactly how much of Golden Crown was sold. Critically, the record contains no evidence of Golden Crown's value once the easement was removed. And Summit concedes on appeal that it "had no significant carrying costs" for Golden Crown (such as taxes, maintenance, etc.), and the trial record contains no evidence of such costs.

¶7 After Summit rested, Rees moved for a judgment as a matter of law on damages, arguing, among other things, that Summit had presented no evidence "of what [the] land is worth" after the release of the easement, meaning the jury would be left to speculate in determining damages. Summit responded that the evidence showed what it paid for the land, what Duncan was prepared to pay for the land had Rees released the easement in 2007 and 2008, and argued that evidence of a subsequent sale was in the nature of mitigation. After hearing argument, the superior court denied the motion.

¶8 After both parties rested, the court provided final instructions and the jury heard closing arguments. After deliberations, the jury returned

a verdict in favor of Summit, awarding Summit $24,000 in actual damages. After further briefing, the court entered a judgment awarding Summit $72,000 (trebling the damages pursuant to A.R.S. § 33-420(C)) plus nearly $24,400 in attorneys' fees and taxable costs.

¶9 Rees then again moved for judgment as a matter of law on damages. Rees argued "[t]he measure of damages pertaining to a broken sale of real property is the contract sale price minus the market value of the property at the time of the injury." Under this standard, Rees argued the trial evidence could not support the verdict:

> Summit retained title to the Golden Crown after Duncan learned of the allegedly false . . . [recorded easement]. Summit provided no evidence of the value of the land at that point in time. As a result, the jury could only speculate as to the amount it might award to Summit.

Although Summit opposed the motion, it did not dispute that the trial evidence showed no value for Golden Crown if not subject to the easement during the relevant time period other than the $140,000 fair value indicated by Duncan.

¶10 After full briefing and argument, the court granted Rees' motion, finding Summit "failed to meet [its] burden of proving with reasonable certainty [its] damages at trial," and amended the judgment to award Summit statutory damages of $1,000 plus nearly $24,400 in attorneys' fees and taxable costs. This court has jurisdiction over Summit's timely appeal[4] pursuant to the Arizona Constitution, Article 6, Section 9, and A.R.S. § 12-2101(A)(1) and -120.21(A)(1).

---

[4] Although an amended judgment was entered after the notices of appeal were filed, it is substantially identical to the original judgment and does not contain Ariz. R. Civ. P. 54(c) language. Accordingly, although neither party filed amended notices to account for that amended judgment, this court has jurisdiction over the appeal and cross-appeal from the original judgment. *See Fields v. Oates*, 230 Ariz. 411, 416 ¶ 21 (App. 2012) (holding "substantively identical judgment" did not initiate a new period from which to appeal).

## DISCUSSION

### I.    Rees Was Entitled To Judgment As A Matter Of Law.

¶11    Summit argues that entry of a judgment as a matter of law was error because it offered sufficient trial evidence regarding damages. A judgment as a matter of law should be entered only "if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Desert Palm Surgical Group, P.L.C. v. Petta*, 236 Ariz. 568, 578 ¶ 25 (App. 2015) (citations omitted). On appeal, this court reviews entry of a judgment as a matter of law de novo. *Canyon Ambulatory Surgery Ctr. v. SCF Arizona*, 225 Ariz. 414, 422 ¶ 28 (App. 2010).

¶12    Whether Summit provided sufficient trial evidence regarding damages is the only issue raised in Summit's appeal. Both parties rely on *Gilmore v. Cohen*, 95 Ariz. 34, 36 (1963), as the standard to determine whether judgment as a matter of law on damages was proper. *Gilmore* directs that a plaintiff must show damages "with reasonable certainty," adding that "certainty in amount of damages is not essential to recovery when the fact of damage is proven." *Id.* (citations omitted); *see also Smith v. Pinner*, 68 Ariz. 115 (1948) (addressing Arizona common law fraud claim using this same standard). Summit argues judgment as a matter of law was improper because "[r]easonable certainty sufficed and the evidence satisfied that burden."

¶13    The statute upon which Summit's claim is based provides:

A person who is named in a document which purports to create an interest in, or a lien or encumbrance against, real property and who knows that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid shall be liable to the owner or title holder for the sum of not less than one thousand dollars, or for treble actual damages, whichever is greater, and reasonable attorney fees and costs as provided in this section, if he wilfully refuses to release or correct such document of record within twenty days from the date of a written request from the

owner or beneficial title holder of the real property.

A.R.S. § 33-420(C). As applied, and given there was no evidence of carrying costs, the proper measure of damages is the difference between Golden Crown's value, if it was unencumbered, at the time Rees failed to remove the fraudulent easement and its value once the easement was removed. *See* Restatement (Second) of Torts § 633 cmts. c and e (1977) (authorizing recovery of pecuniary loss caused by injurious falsehood that prevents a particular sale, measured "by the difference between [1] the price that would have been realized by [the lost sale] and [2] the salable value of the thing in question after there has been a sufficient time following the frustration of the sale to permit its marketing"). The second value looks at the value of the property without the improper encumbrance. *See Carrozza v. Voccola*, 90 A.3d 142, 162 (R.I. 2014) (noting, in resolving different legal issue, that the second value was "the value of the properties on the date the notices of *lis pendens* were removed").

¶14        The trial evidence shows what Summit paid for Golden Crown and what Duncan was prepared to offer for it if the right of way was removed. The trial evidence does not, however, contain any alternative valuation for Golden Crown (other than what Duncan determined was its value in 2007) if the right of way was removed at or after the time that Duncan expressed interest and Rees refused to release the easement. Accordingly, the jury was provided no evidence of the second value required to assess damages. Moreover, Summit did not present any evidence of carrying costs, and concedes on appeal that that it "had no significant carrying costs" for Golden Crown.

¶15        Summit asked at trial for damages of $116,000, which would have been the profit from the sale to Duncan. Instead, the jury awarded $24,000, which was the amount Summit paid for Golden Crown in 2005. Summit argues "[t]he jury evaluated the facts and determined, based on competent evidence, that Summit and Randy Duncan would have entered into a purchase contract but for the [right of way] and that Summit could have realized *at least* $24,000 from that sale." Such an argument, however, does not account for the fact that Summit still owned Golden Crown after the lost sale. Similarly, although Summit correctly argues it did not have the burden to prove mitigation, proof of Golden Crown's value at the time the fraudulent easement was released is not a mitigation issue but, instead, part of a prima facie damage claim.

**¶16** For these reasons, the evidence presented at trial is insufficient to allow the jury to determine damages "with reasonable certainty" based on sufficient evidence and not mere "conjecture or speculation". *Gilmore*, 95 Ariz. at 36 (citation omitted). Accordingly, the superior court did not err by granting judgment as a matter of law on actual damages and, instead, awarding Summit $1,000 in statutory damages pursuant to A.R.S. § 33-420(C).[5]

## II.     Attorneys' Fees And Costs On Appeal.

**¶17** Summit requests attorneys' fees on appeal pursuant to A.R.S. § 33-420(C) and costs "as provided by applicable statute and rule." Because Summit is not the successful party, its claim for costs and attorneys' fees is denied. *See* A.R.S. § 12-341. Alternatively, to the extent Summit has shown a statutory basis for an award of reasonable attorneys' fees on appeal, in the exercise of this court's discretion, the request is denied.

### CONCLUSION

**¶18** The judgment as a matter of law is affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : jt

---

[5] Given this conclusion, this court need not consider the issues raised in Rees' cross-appeal. *See Portley v. Portley*, 134 Ariz. 492, 492 (App. 1982).