498 P.2d 1174 (1972)
Harry D. DUSTON, Plaintiff-Appellee,
v.
H. Duane DUSTON and Elinore L. Duston, Defendants-Appellants.
No. 70-496.
Colorado Court of Appeals, Div. I.
July 5, 1972.
David B. Richeson, Denver, for plaintiff-appellee.
Tinsley, Frantz & Heady, Albert T. Frantz, Bernard P. O'Kane, Lakewood, for defendants-appellants.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
This is an action to partition a parcel of real property owned by the parties. Judgment on other issues entered by the trial court is not involved in this appeal.
The plaintiff claims that he owned an undivided one-half interest in the property and that defendants, his son and daughter-in-law, *1175 together owned the other undivided one-half. The defendants assert that each of the parties owned an undivided one-third interest. All of the parties asked for partition. Trial was to the court which found that the plaintiff owned an undivided one-half interest and entered judgment accordingly. Defendants appeal from that judgment. We affirm.
The plaintiff, father, and defendant, son, acquired title to the property in 1960 as tenants in common, each paying half of the purchase price. In 1963, the father and son executed a warranty deed in which they conveyed the property to themselves and the son's wife as joint tenants. From 1960 until 1968, when the present dispute arose, the father and son each paid one-half of the taxes and other expenses on the property. The above facts are undisputed.
The joint tenancy deed was executed at the request of the father, who testified that he was having marital difficulties at the time, and did not want this property involved in that dispute. He testified that he discussed the matter with both defendants. They each denied this. The defendants testified it was the father's idea to put the daughter-in-law's name on the deed. The father denied this fact, stating it was his son's idea and that the father didn't care what the son did with his share.
The father further denied that he ever intended to make a gift of any part of his share. The evidence further disclosed that the defendants had their attorney prepare the deed pursuant to a request from the father.
The trial court found that there was no intent by the father at the time of the execution of the deed to make a gift, and that the conduct of the parties was more consistent with a fifty percent ownership in the father. It, therefore, decreed that partition proceedings be conducted and that the father was entitled to half the property and the defendants together were entitled to the other half, or the equivalent proceeds in the event of a sale.
On appeal defendants contend that the evidence failed to overcome the presumption, arising from the deed, that each of the grantees under the joint tenancy deed owned a one-third interest; that the court erred in reaching its conclusion by relying on the undisclosed intent of the father and the equal division of expenses by father and son; and that, in any event, the actions of the son in paying half the expenses did not bind his wife so as to deprive her of her interest in the property.
Grantees under a joint tenancy deed are presumed to own equal shares in the property conveyed. Nippel v. Hammond, 4 Colo. 211. However, this presumption is rebuttable. Jezo v. Jezo, 23 Wis.2d 399, 127 N.W.2d 246, 129 N.W.2d 195, Shackleton v. Sherrard, 385 P.2d 898 (Okla.). See Eisenhardt v. Lowell, 105 Colo. 417, 98 P.2d 1001. Further, parol evidence is admissible to overcome the presumption. People v. Varel, 351 Ill. 96, 184 N.E. 209, Jezo v. Jezo, supra. See Eisenhardt v. Lowell, supra. The determination as to whether the presumption was overcome by the evidence is a question of fact for the trial court. Machado v. Machado, 58 Cal.2d 501, 25 Cal.Rptr. 87, 375 P.2d 55, Paterson v. Comastri, 39 Cal.2d 66, 244 P.2d 902.
The evidence as to whether the father had disclosed his intent was conflicting, and the findings of the trial court establish that it did not rely solely on the equal division of expenses between father and son in reaching its conclusion but rather relied on the totality of the evidence and the credibility of the witnesses.
The trial court's finding that the presumption had been overcome, based on the conflicting testimony, and supported by the evidence will not be overturned on appeal. People v. Williams, 172 Colo. 434, 473 P.2d 982.
The assertion that the son's actions did not bind his wife so as to deprive her of her property rights has no relevancy. The issue was whether the father had conveyed *1176 any of his interest in the property to her. The trial court determined that he had not. She never acquired any interest from the father, and could not be deprived of that which she never had.
Judgment affirmed.
ENOCH and SMITH, JJ., concur.