Ronald G. SANDERS, Plaintiff-Appellant,

v.

Robert KNAPP and Barbara Knapp, Jointly and Severally, Defendants-Appellees.

No. 81CA0919.

Colorado Court of Appeals, Div. II.

July 14, 1983.

Rehearing Denied Aug. 18, 1983.

Certiorari Denied Nov. 15, 1983.

---

Patrick D. Williams, Commerce City, for plaintiff-appellant.

Guy M. Heyl, Denver, for defendants-appellees.

TURSI, Judge.

Plaintiff, Ronald Sanders, appeals the trial court's denial of specific performance on a contract to purchase a condominium owned by defendants, Robert and Barbara Knapp. We reverse in part and affirm in part.

On July 1, 1978, Robert Knapp entered into a listing agreement with the Romero Corporation (Broker), listing his condominium at the Val D'Isere Condominiums in Breckenridge at $19,750. Through Broker, Sanders executed a "receipt and option contract" on July 28, 1978, counter-offering to buy the Knapp condominium for $19,000. The contract was mailed to Robert, who signed it, and returned it by mail to Broker. Sanders was required to perform by August 20, 1978, but when he was unable to do so, he told Broker of his continuing desire to complete the deal. On September 5, 1978, an extension agreement was forwarded to Robert in Tennessee who extended the date for buyer's performance to October 17, 1978, signed the extension, and mailed it back to Breckenridge.

Sanders performed all the conditions under the contract and tendered the purchase price to Broker on October 16, 1978, even though Broker did not have Robert's deed and closing papers. Sanders immediately began to treat the condominium as his own by making mortgage payments and improvements. It was not until on or about October 25, 1978, that Broker discovered that Robert had not received the closing documents purportedly sent to him October 2, and a duplicate set was sent in November. Only then did Robert determine that he held the condominium in joint tenancy with his estranged wife, and when he suggested selling the condominium, she refused to sign the documents.

In January 1979, Sanders filed suit against Robert, requesting specific performance. On learning of Barbara's interest, he joined her as a co-defendant in the action and requested a declaration of tenancy in common with her. His motion for partial summary judgment on the validity of the contract was denied and the matter was tried to the court. The court found that mutual mistake as to ownership of the condominium prevented formation of a binding contract, and therefore denied Sanders' claim for specific performance and liquidated damages. Exemplary damages also were denied when the court found that Robert had not acted "culpably" or in "bad faith." Sanders was awarded $756 to reimburse his expenses up to December 1, 1978; the expenses he incurred after that, the court ruled, were made as a volunteer because he had notice that title to the property did not lie with him. No evidence was presented against Barbara, and claims against her were dismissed with prejudice. This ruling has not been appealed.

I

Sanders first claims that he is entitled to specific performance of his contract with Robert to the extent Robert's interest, despite the court's finding that Robert and Sanders were mutually mistaken in their belief that Robert could tender complete title to the condominium. We agree.

■ Where the facts surrounding the making of the contract are undisputed, the legal effects of those facts is a question of law upon which the reviewing court may exercise its independent judgment. *Maltby v. J.F. Images, Inc.,* 632 P.2d 646 (Colo.App. 1981). Thus, while we are bound by the finding of mutual mistake of fact as to the extent or character of Robert's interest in the condominium, we do not conclude that this mistake prevents the formation of a binding contract to convey Robert's interest.

■ When a seller of land is unable to convey the full title which he or she contracted to sell, and the seller has any interest in the property, the purchaser may exercise the option of enforcing the contract with respect to whatever interest the seller possesses. The seller may not defend an action for specific performance on the ground that his title is not as complete as the one he had agreed would be conveyed. *Dlug v. Wooldridge,* 189 Colo. 164, 538 P.2d 883 (1975); *Emery v. Medal Building Corp.,* 164 Colo. 515, 436 P.2d 661 (1968).

■ It is presumed that the shares of co-tenants are equal, whether they be tenants in common or joint tenants. *Nippel v. Hammond,* 4 Colo. 211 (1878). Absent rebuttal, it is therefore presumed that Barbara has an outstanding one-half interest in the property. *Nippel v. Hammond, supra; see also Duston v. Duston,* 31 Colo.App. 147, 498 P.2d 1174 (1972). We therefore find the contract enforceable to the extent of Robert's interest, and we remand to the trial court for entry of judgment ordering specific performance of the contract, with an abatement of one-half of the contract price. *Emery v. Medal Building Corp., supra; Kuper v. Scroggins,* 127 Colo. 416, 257 P.2d 412 (1953).

Additionally, Sanders concedes any payments made by him between October 17 and December 1, 1978, for utilities, mortgage, or improvements were properly made as incident to his right of ownership, and the court's award of damages to compensate him for those expenses is inappropri-

388

ate. We agree and reverse the judgment therefor.

## II

■ As to Sanders' claim that the court erred in denying his motion for partial summary judgment on the validity of the contract, the denial of such a motion may not be considered on appeal from a final judgment entered after a trial on the merits. Thus, we do not address the issue here. *Manuel v. Fort Collins Newspapers, Inc.*, 631 P.2d 1114 (Colo.1981).

## III

We reject Sanders' contention that the court erroneously denied his claim for exemplary damages under § 13–21–102, C.R.S.1973.

■ In this trial to the court, the allowance or denial of exemplary damages was for the court's determination as the trier of fact. *Mince v. Butters,* 200 Colo. 501, 616 P.2d 127 (1980). The trial court's denial of exemplary damages is consistent with its findings of fact and are thus binding on review. *Linley v. Hanson,* 173 Colo. 239, 477 P.2d 453 (1970).

That part of the judgment of the trial court denying specific performance and that part of the judgment awarding damages are reversed, that part of the judgment denying exemplary damages is affirmed, and the cause is remanded for further proceedings consistent with the ruling herein.

PIERCE and SMITH, JJ., concur.