**In re CROUCH C STORES, INC., Crouch C Stores, Inc. II, Edward Leroy Crouch, and Patricia Rae Crouch, Debtors.**

**Bankruptcy Nos. 89–21534–11 to 89–21536–11.**

United States Bankruptcy Court, D. Kansas.

Oct. 25, 1990.

F. Stannard Lentz, of Lentz & Clark, Overland Park, Kan., for debtors.

John P. Bennett, of Cloon & Bennett, Overland Park, Kan., for debtors.

Richard C. Wallace, of Evans & Mullinix, Kansas City, Kan., for Unsecured Cred. Comm.

Richard A. Wieland, Wichita, Kan., for U.S. Trustee.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

This matter comes on before the Court pursuant to the April 16, 1990, hearing on the Motion of Debtor, Patricia Rae Crouch, For Determination of Debtor's Joint Tenancy Interest. The debtors, Edward Leroy Crouch and Patricia Rae Crouch, appeared in person and by and through their attorneys, F. Stannard Lentz and John P. Bennett. The Unsecured Creditors' Committee appeared by and through its attorney, Richard C. Wallace. The United States Trustee appeared by and through Richard A. Wieland.

## FINDINGS OF FACT

Based upon the parties stipulations, the pleadings and the record, this Court finds as follows:

1. That on December 7, 1988, Ida Louise Fenton, mother of debtor Patricia Rae Crouch, deeded certain real property, located in Johnson County, to herself, Patsy (Patricia) Crouch, John Fenton, and Barbara Burton as joint tenants and not as tenants in common.

2. That on April 20, 1989, the deed was recorded with the Recorder of Deeds of Johnson County, Kansas in Book 2973 at Page 180.

3. That on October 3, 1989, the debtors, Edward Leroy Crouch and Patricia Rae Crouch (Patsy Crouch), and their corporations filed for relief under Chapter 11 of the Bankruptcy Code.

4. That on November 23, 1989, the debtor, Patsy Crouch filed her Notice of Intended Sale of Joint Tenancy, said notice stating that Mrs. Fenton had contracted to sell the property for $50,000.

5. That on December 11, 1989, the Objection of the Unsecured Creditors Committee to the Intended Sale of Joint Tenancy was filed with this Court. Said objection was not to the sale of the property but to the disclaimer by Patsy Crouch of the proceeds from the sale.

6. That on December 12, 1989, a hearing was held on the Notice of Intended Sale and after hearing the arguments of counsel this Court authorized the sale. Both parties had agreed to allow the sale to proceed provided that one-fourth of the proceeds (the purported one-fourth joint tenancy share of Patsy Crouch) were placed in an interest-bearing escrow account at Merchants Bank of Kansas City in the name of the debtors and the Unsecured Creditors Committee. Funds from this account would not be released without the specific consent of the debtors and the chairman of the Unsecured Creditors Committee or by specific order of this Court. An Amended Agreed Order was signed by the Court on January 12, 1990.

7. That the real property was sold by Mrs. Fenton.

8. That prior to the sale of the real property, it was the personal residence of Ida Louise Fenton (the mother of Patricia Rae Crouch, John Fenton and Barbara Burton), said property having been purchased 30 years ago by Mrs. Fenton and her now deceased husband. The purchase price of the property had been paid in full by the Fentons.

9. That on December 21, 1989, pursuant to an agreed order three-fourths of the net proceeds from the sale of the real property were released to the other joint tenants. The remaining one-fourth interest is being held in an interest bearing account at Merchants Bank of Kansas City in both the names of the debtors and the Unsecured Creditors' Committee, pending the outcome of this matter.

10. That at the time of the sale Ida Fenton was 85 years old and supported by a social security pension in the approximate amount of $300 per month. It was Mrs. Fenton's expectation that the proceeds from the sale of the property would be used as her support for the remainder of her life.

11. That the debtors gave no consideration for the one fourth interest that was deeded to her (Patricia Crouch). The addition of the debtor Patricia, and Mrs. Fenton's other children was made for purposes of estate planning and avoiding probate. Mrs. Fenton alleges that it was not intended at the time as a gift of present interest but was deeded at the suggestion of an attorney.

12. That on March 15, 1990, the debtor, Patsy Crouch, filed her motion for determination of her interest, if any in the property.

13. That on April 16, 1990, a hearing was held on the debtor's motion and after hearing the arguments of counsel this Court took the matter under advisement upon the parties filing their Stipulations of Facts and Memorandums of Law.

## CONCLUSIONS OF LAW

Section 541(d) of 11 U.S.C. states as follows:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this

section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold. Although it appears from the foregoing that since the daughter had legal title when this petition was filed it would result in her interest becoming property of the estate, the Court finds that this case is an exception to that rule and finds in fact, that the property involved herein was not property of the estate for reasons hereinafter set out.

■ As a general rule, legal and equitable interests in property must be determined by state law. *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) ("Property interests are created and defined by state law..... [T]here is no reason why such results should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Id.* at 57, 99 S.Ct. at 918).

Thus, this Court must look to the laws of the State of Kansas to determine the debtor's interest and the estate's interest in the jointly held property.

■ Under Kansas law a joint tenancy creates the presumption of equal ownership amongst the parties. *See* K.S.A. 58–501. However, this is a rebuttal presumption and the burden of proof is on the party attacking the equal ownership presumption. *Walnut Valley State Bank v. Stovall*, 223 Kan. 459, 574 P.2d 1382 (1978). Anyone attacking equal ownership should assume the burden of proof, and this includes the debtor herein.

■ In *Duston v. Duston*, 31 Colo.App. 147, 498 P.2d 1174, 1175 (1972) the Court found:

Grantees under a joint tenancy deed are presumed to own equal shares in the property conveyed.... However, this presumption is rebuttable.... Further, parol evidence is admissible to overcome the presumption.... The determination as to whether the presumption was overcome by the evidence is a question of fact for the trial court.

One factor that the Court must consider is which party provided the purchase price. *Walnut Valley State Bank v. Stovall*, 223 Kan. 459, 574 P.2d 1382, 1384 (1978).

■ In the case at bar, the parties have stipulated that no consideration was given to Patsy Crouch's mother for the creation of the joint tenancy deed in her residence; and that the joint tenancy was not created as a gift of a present interest at the time of its creation. The parties further stipulated that Mrs. Fenton and her husband purchased the property some 30 years ago and the same is paid in full; that the joint tenancy was created as an estate planning device to avoid probate; and, Mrs. Fenton, at the time of the sale of her residence intended that the proceeds be used to support her for the remainder of her lifetime.

Thus, the Court finds that based upon the evidence presented and the stipulations of the parties, the joint tenancy created between Ida Louise Fenton (mother), Patsy (Patricia) Crouch, John Fenton and Barbara Burton was not an equally owned joint tenancy. The Court further finds that the debtor, Patsy Crouch owns no equitable interest in her mother's property and that the debtor has merely a bare legal title to the property. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983) ("The legislative history to [§ 541(a)(1) ] indicates that Congress intended to exclude from the estate property of others in which the debtor had some minor interest such as a lien or bare legal title." *Id.* at 204 n. 8, 103 S.Ct. at 2313 n. 8); *Cf. In re Granada, Inc.*, 92 B.R. 501 (Bankr.D.Utah 1988) ("Had the Partnership's [unrecorded equitable] interest been of public record, § 541(d) would operate to limit property of the estate to bare legal title." *Id.* at 510) (In *Granada,* the Bankruptcy Court was asked to quiet title in real property that the debtor was record fee title holder on the date the bankruptcy petition was filed. The Court held that under § 544 the Chapter 11 trustee took title to the real property free of any *unrecorded* equitable interest of a limited partnership in the property. *Id.*). In this case, the interest was recorded.

This Court further finds that the monies being held in the interest bearing escrow account consisting of one-fourth of the net sale proceeds should be released to Ida Louise Fenton in that the proceeds are not property of the bankruptcy estate.

IT IS THEREFORE, BY THE COURT, ORDERED That debtor Patricia Crouch's joint tenancy interest is only a bare legal title in the proceeds now being held in escrow and as such she holds no equitable interest in the proceeds from the sale of the property; hence, the bankruptcy estate has no interest in the proceeds.

IT IS FURTHER, BY THE COURT, ORDERED That the proceeds currently being held in an interest bearing escrow account be turned over to Ida Louise Fenton.

This Memorandum shall constitute my Findings of Fact and Conclusions of Law under Bankruptcy Rule 7052 and Rule 52(a) of the Federal Rules of Civil Procedure.