In Re William Frederick COLWELL
and Ruby Colwell, Debtors.

Bankruptcy No. 96–35148–BKC–SHF.

United States Bankruptcy Court
S.D. Florida.

April 25, 1997.

John P. Tynan, Jupiter, FL.

Soneet R. Kapila, Trustee, Ft. Lauderdale, FL.

Michael R. Bakst, West Palm Beach, FL.

### ORDER SUSTAINING OBJECTION TO EXEMPTIONS

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This matter came before the Court March 6, 1997, for hearing on the objection of creditor, Royal International Trading Corporation ("Royal"), to the debtors' claimed exemption in two homesteads. At the time of the filing of the bankruptcy petition, the Debtors, William and Ruby Colwell, were married but also separated and living apart for a period of approximately 3½ years. When they filed their joint petition, they each claimed a homestead exemption in the property in which they were living. Having considered the objection, the response thereto, the argument of counsel and for the reasons set forth below, the Court sustains the objection to exemption.

On December 12, 1996, the Debtors filed a joint bankruptcy petition. On schedule C of their bankruptcy schedules the Debtors claimed two separate residences as exempt pursuant to Article X, Section 4 of the Florida Constitution. There are no disputed facts. The Debtors, at the time of the filing of the bankruptcy petition, had been separated and living on distinct, noncontiguous parcels of property in different parts of Palm Beach County, Florida for the preceding 3½ years. Royal objects to the dual claim of homesteads, raising the issue of whether, under Florida law, married individuals living apart are each entitled to claim a homestead as exempt.

Article X, Section 4 of the Florida Constitution provides, in pertinent part:

(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a

lien thereon, ... the following property owned by a natural person:

(1) a homestead. .....

Royal contends that the Debtors are entitled to only one homestead. The Debtors contend that the Florida Constitution allows for each natural person to have a homestead. Thus, each of the Debtors asserts entitlement to his or her own homestead. There are no published Florida cases addressing this point. The cases from other jurisdictions cited by Royal do not help this Court interpret Florida law.

Before 1985, the Florida Constitution allowed only the "head of a family" to be entitled to the homestead exemption. For what seem to be obvious reasons, this provision was changed to include every "natural person". The purpose of the change as stated by the sponsor of the amendment was "to give protection against forced sale for the homestead of a single person, a divorced person, any person who has a homestead, rather than just a head of a family." In *Public Health Trust of Dade Co. v. Lopez,* 531 So.2d 946, 948 (Fla.1988) *quoting,* House Judiciary Full Committee Meeting, March 29, 1983. The Debtors contend that they fall within this purpose.

■ Under the Debtors' rationale, each husband and wife who live apart is entitled to a separate homestead regardless of whether they are happily married or separated. The Court agrees that the homestead provision of the Florida Constitution should be read broadly. But, the Court disagrees that it was the intention of the legislators that all people, including married people living apart, be entitled to separate homesteads.

■ The purpose of the homestead exemption is to "promote the stability and welfare of the state by encouraging property ownership and independence on the part of the citizen and by preserving a home where a family may be sheltered and live beyond the reach of economic misfortune." *In re Ehnle,* 124 B.R. 361, 363 (Bankr.M.D.Fla.1991). The change in the law from "head of family" to "natural person" did not change the purpose of the provision. It merely expanded it so that it would apply to all individuals, including divorcees, widows, widowers, and single people.

The Debtors would counter that, in fact, the Debtors are two separate independent people and thus, that they are both entitled to the homestead protection. Indeed, they are two separate people. However, the Court determines that the line of demarcation for two married individuals, both claiming separate homestead exemptions, must be the final dissolution of the marriage by way of a divorce decree. Although it is clear, especially now that the Debtors are divorced, that these Debtors will not reconcile, the Court is unwilling to allow separated, but still married, individuals separate homestead exemptions. Accordingly, it is

ORDERED that Royal's objection to exemption is sustained. The Debtors shall have 10 days from the date of this order to amend their Schedule C of their bankruptcy schedules to reflect which of the two homes will be claimed as exempt under Article X, Section 4 of the Florida Constitution.