**In re Jesus Sanchez PASTRANA and Joan Lois Pastrana, Debtors.**

**Bankruptcy No. 97–25881 RJB.**

United States Bankruptcy Court, D. Colorado.

Feb. 23, 1998.

---

October 24, 1997. In that petition they stated that Jesus Pastrana's residence was 4428 Josephine Street, Denver, Colorado. They listed Joan Pastrana's residence as 4432 Josephine Street, Denver, Colorado. The parties are married, but have been separated since about December 1996, and have a dissolution of marriage action pending in state court. The properties were jointly owned by both Debtors. The property at 4428 Josephine was used as a rental property before Jesus Pastrana made his residence there.

On their Schedule C—Property Claimed As Exempt, Jesus Pastrana ("Husband") claimed a homestead exemption for 4428 Josephine, and Joan Pastrana ("Wife") claimed a homestead exemption for 4432 Josephine. Colorado's homestead exemption is provided for in C.R.S. § 38–41–201 as follows:

> **Homestead exemption.** Every homestead in the state of Colorado occupied as a home by the owner thereof or his family shall be exempt from execution and attachment arising from any debt, contract, or civil obligation not exceeding in value the sum of thirty thousand dollars in actual cash value in excess of any lien or encumbrances on the homesteaded property in existence at the time of any levy of execution thereon.

The parties framed the issue as whether, under the Colorado homestead exemption statute, married individuals living apart are each entitled to claim a homestead as exempt. The Trustee takes the position that they cannot each claim the exemption and cites *In re Colwell*, 208 B.R. 85 (Bankr. S.D.Fla.1997), in support of her position [1]. Debtors argue that they can each claim the exemption under the wording of the statute and in addition point out that if they had filed separate bankruptcy petitions there would have been no argument as to their entitlement to claim separate homestead exemptions.

It matters not that the Debtors filed a joint bankruptcy petition because commencement of a joint case creates two bank-

Christopher E. Bench, Bench & Associates, Denver, CO, for Cynthia V.R. Skeen, Trustee.

Thomas M. Mathiowetz, George T. Carlson & Associates, Englewood, CO, for Debtors.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER came on for hearing on February 17, 1998, on the Trustee's Objection to Claimed Homestead Exemption and the Debtors' Response thereto.

The uncontested facts are as follows. The Debtors filed their joint Chapter 7 petition

---

1. The Florida exemption is a "personal" exemption. Colorado law has long been that the homestead exemption in this state attaches to the property and is not a personal exemption. *In re Pruitt*, 829 F.2d 1002 (10th Cir.1987). Therefore, the *Colwell* case, *supra*, is inapposite here.

ruptcy estates under 11 U.S.C. § 302. *In re Ageton*, 14 B.R. 833 (9th Cir. BAP 1981). These separate estates are normally "jointly administered" and are not substantively "consolidated" unless the court so orders under 11 U.S.C. § 302(b). Thus, the analysis must begin with the fact that we have two separate and distinct bankruptcy estates.

■ If we look first to the Husband's estate we find that he is an owner of 4428 Josephine and that he occupied that residence as his home since December 1996. Under the plain reading of the statute he is entitled to claim the homestead exemption for that property. Likewise, when we look at the Wife's estate we find that she occupied 4432 Josephine as her residence since well before December 1996, and that she is an owner of the property. Again, under the statute she is entitled to claim the homestead exemption on that property. Thus, when each separate bankruptcy estate is examined, and calculations are made to determine the equity, if any, available to the Trustee for creditors, those calculations would be as follows:[2]

| 4428 Josephine (Husband's estate) | | 4432 Josephine (Wife's estate) | |
| --- | --- | --- | --- |
| Sales Price | $69,500 | Sales Price | $73,000 |
| Costs of sale @ 10% | - 6.950 | Costs of sale @ 10% | - 7.300 |
| | $62,550 | | $65,700 |
| Mortgage payoff | -35,000 | Mortgage payoff | -33,929 |
| | $27,550 | | $31,771 |
| Homestead | -27,550 | Homestead | -30,000 |
| Husband's non-exempt equity | -0- | Wife's non-exempt equity | $ 1,771 |

■ But that does not end the inquiry. The law is also that the homestead exemption may not be claimed by a joint owner to the exclusion of other joint owners. *In re Pruitt, supra*. Likewise, it is the law of this state that the filing of the joint petition in bankruptcy herein effected a severance in the joint tenancy of the Debtors in each of these properties (*see In re Lambert*, 34 B.R. 41 (Bankr.Colo.1983)) with the result that an undivided one-half interest in 4428 Josephine (Husbands' estate) became the property of the Wife, which property became property of the Wife's bankruptcy estate and *vice versa*. 11 U.S.C. 541(a)(1). Thus, the Trustee in the Wife's case is entitled to one-half of the homestead amount and one-half of the remaining equity in the Husband's case as an *owner*, not as a creditor. *In re Dickinson*, 185 B.R. 76 (Bankr.Colo.1995). Likewise, the Trustee in the Husband's case is entitled to one-half of the homestead amount and one-half of the remaining equity in the Wife's case. Just because the Trustee herein is the trustee for both estates is irrelevant. Thus, using the figures, *supra*, the Trustee herein is entitled to $13,775 from 4428 Josephine as the Wife's ownership share of the homestead exemption on that property. And the Trustee herein is entitled to $15,885.50 as the Husband's ownership share of the homestead exemption and the non-exempt equity from 4432 Josephine, for a total of $29,660.50 from the two estates. If the parties cannot agree otherwise, it would appear that the Trustee could proceed to sell both properties pursuant to 11 U.S.C. § 363 in order to liquidate the estates for ultimate distribution to creditors. It is, therefore,

ORDERED that the Trustee's objection to the claims of the homestead exemption by the Debtors herein is denied. It is

FURTHER ORDERED that the Trustee is entitled to a one-half share of the exempt and non-exempt equity in each property.

---

**2.** These are figures supplied by the Debtors in their Response and are used here for illustrative purposes only. The parties have not yet had an opportunity to present evidence on the actual figures.