**In re Cynthia Jo BRYANT, Debtor.**

**Jeffrey L. HILL, Trustee, Plaintiff,**

v.

**Timothy L. BRYANT, Defendant.**

**Bankruptcy No. 97–18283 DEC.
Adversary No. 97–1890 RJB.**

United States Bankruptcy Court,
D. Colorado.

June 2, 1998.

Matthew D. Skeen, Skeen & Skeen, P.C., Denver, CO, for plaintiff.

William D. Nelsch, Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

RONALD J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER came on for trial on May 20, 1998 on the Trustee's Complaint pursuant to 11 U.S.C. § 548(a). This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H).

The matter was tried on facts stipulated to by the parties as follows:

1. Jeffrey L. Hill is the duly appointed, qualified and acting chapter 7 trustee in Case No. 97–18283 DEC.

2. Timothy L. Bryant is the husband of the Debtor, Cynthia Jo Bryant.

3. Both the Defendant and the Debtor reside at 2724 South Raleigh Street, Denver, Colorado.

4. Prior to March 11, 1997, the Debtor and the Defendant were co-owners of their residence, Lot 4, Block 2, Harvey Park Addition Filing No. 14, City and County of Denver, Colorado.

5. On March 11, 1997, the Defendant and the Debtor signed a quit claim deed transferring the property to Timothy L. Bryant, alone.

6. The quit claim deed was recorded in the records of the clerk and recorder for the City and County of Denver on April 14, 1997.

7. The Debtor filed her voluntary petition in bankruptcy on June 9, 1997.

8. The Debtor did not receive any cash or other property in exchange for the transfer.

9. On March 11, 1997 and at all time [sic] thereafter up until the filing of her petition in bankruptcy the Debtor was insolvent.

10. On March 11, 1997, the property had a fair market value of $134,500.

11. On March 11, 1997, GE Capital had a valid, perfected first deed of trust in the property securing a claim of $77,807.11.

12. On March 11, 1997, Sooper Credit Union had a valid, perfected second deed of trust on the property securing a claim of $24,385.42.

13. On May 9, 1997, the Defendant borrowed $33,000 from Sooper Credit Union using part of the proceeds to pay off the existing second deed of trust and giving Sooper Credit Union a new second deed of trust.

■ These stipulated facts show clearly that the transfer of her share of the residence to her husband on March 11, 1997 was a fraudulent transfer under 11 U.S.C. § 548(a)(2). That statute reads as follows:

§ 548. Fraudulent transfers and obligations. (a) The trustee may avoid any transfer of an interest of the debtor in property . . . that was made . . . within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—(2)(A) received less than a reasonably equivalent value in exchange for such transfer . . .; and (B)(i) was insolvent on the date that such transfer was made . . .

The Defendant argues that the trustee may not avoid this transfer because it was, under the facts of the case, really only a transfer of the Debtor's share of the $30,000 Colorado homestead exemption provided for in C.R.S. § 38–41–201. There is only one homestead exemption and it attaches to the property. *In re Pruitt*, 829 F.2d 1002 (10th Cir.1987). And, the Defendant argues, since the parties' equity at the time of the transfer approximately equaled the homestead exemption, the exemption still exists and is attached to the property. And, the Defendant continues, because *Pruitt, supra*, also states that the homestead exemption may not be claimed by a joint owner to the exclusion of the other joint owners, i.e. you can't "split" the exemption, then the entire exemption amount of $30,000 still exists for the benefit

of either the Debtor (if the transaction is unraveled) or for the benefit of the Defendant who is now the sole owner.[1]

■ The statements of the law as set forth, *supra*, are correct, i .e. there is only one homestead exemption and it attaches to the property (it is not a personal exemption) and that one joint owner may not claim the exemption to the exclusion of other co-owners is correct. The problem is that those principles of law simply have no bearing on the issues at hand. 11 U.S.C. § 548 makes no exception for the transfer of "exempt" property *vs.* non-exempt property. The facts are that the Debtor voluntarily transferred her interest in the residence to her husband for less than a reasonably equivalent value while she was insolvent and that transfer occurred within one year prior to the filing of her petition in bankruptcy. Thus, the Trustee is entitled to have the transfer avoided.

■ If the Court unravels the transaction can the Debtor then claim her homestead exemption? The answer in this case is no. 11 U.S.C. § 522(g)(1)(A) provides that a debtor may exempt property recovered by a trustee if "such transfer was not a voluntary transfer of such property by the debtor." Here the transfer was a voluntary transfer by the Debtor.

■ Because the Defendant encumbered the property after the transfer and before the Debtor filed her petition so as to eliminate any equity in the property, the Trustee has asked not that the title to the property be changed back, but that he have a money judgment for the value of the property transferred in accordance with 11 U.S.C. § 550(a)(1) against the Defendant who was the initial transferee of the fraudulent transfer. The facts show that on the date of the transfer the total property was valued at $134,500.00. On that date there were two existing deeds of trust encumbering the property for a total of $102,192.53, leaving a total net equity of $32,307.47. Because joint owners are presumed to own equal shares,

---

1. The Defendant's assertion of the homestead exemption for his benefit against the Trustee's efforts to avoid the transfer is a red herring. Exemptions are used as a shield against credi-

tors. Here the Trustee is proceeding as an "owner" not as a creditor. *See In re Pastrana*, 216 B.R. 948 (Bankr.Colo.1998).

*Duston v. Duston,* 31 Colo.App. 147, 498 P.2d 1174 (1972), the Trustee is entitled to one-half of that net equity, or $16,153.73. It is, therefore,

ORDERED that judgment shall enter in favor of the Plaintiff, Jeffrey L. Hill, Trustee, and against the Defendant, Timothy L. Bryant, in the sum of $16,153.73 plus costs plus interest at the statutory rate from and after the entry of judgment.