In re Arlin L. YOUNG and Betty L. Young, Debtors.

No. 00–14419–9P7.

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Feb. 19, 2002.

**684**

Stephany S. Carr, Naples, FL, for debtors.

Thomas S. Heidkamp, Ft. Myers, FL, trustee.

Jeffrey W. Leasure, Ft. Myers, FL, for trustee.

Diane L. Jensen, Ft. Myers, FL, for Phoenix Leasing Incorporated.

Robert J. Hoffman, Independence, MO, special counsel for trustee.

### ORDER SUSTAINING OBJECTIONS TO EXEMPTIONS

#### (Doc. Nos. 11, 19, & 39)

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a pending Chapter 7 liquidation case, and the matter under consideration is the dual challenge of a debtor's right to use benefits afforded to citizens of the State of Florida, pursuant to Article X of the Florida Constitution and Florida Statutes, Chapter 222, *et seq.* The debtors in this case are Arlin and Betty Young (Debtors). The objections are interposed by Thomas Heidkamp, the duly appointed Chapter 7 Trustee (Trustee) and Phoenix Leasing, Inc. (Phoenix), a creditor of the Debtors. Phoenix is one of several creditors who is owed approximately $60,000 out of the $260,360 of unsecured debt of the Debtors.

The narrow issue before this Court is whether or not the Debtors are entitled to claim Florida exemptions in any real or personal property claimed as exempt on their Schedule "C" as a result of the allegation that the Debtors were (i) not domiciled in the State of Florida as of the date of the filing of the Petition or for a longer portion of the 180 days prior to the filing of the Petition and (ii) in fact, the Debtors were domiciled in another state. In the alternative, the Trustee and Phoenix contend that even if the Debtors are entitled to claim Florida exemptions, their actions resulted in the abandonment of their homestead exemption in the real property, and as to the personal property exemption, the Debtors are limited to the $1,000 cap. Thus, the issue before this Court is the application of 11 U.S.C. § 522(b)(2)(A).

*Factual Allegations*

In order to place the current matter into context, a cogent recitation of the chronological events of the Debtors' activities, living arrangements, and travels both pre-petition and post-petition is crucial to this Court's ultimate conclusions. This Court attempts to summarize the applicable events as follows.

a. On September 29, 1999, the Debtors purchased the condominium (Condo) located at 729 Wiggins Lake Dr., # 202, Naples, FL 34110. This is their claimed homestead and the subject matter of this litigation.

b. On September 30, 1999, the Debtors opened a bank account at Colonial Bank (Db.Exh. 9). However, the check registry of the Debtors indicated that they wrote a total of five checks out of this account (Tr. Exh. 4).

c. On October 1, 1999, the Debtors requested an identification number with the IRS, a Form W–9 (Tr. Exh. 37(d)). The Debtors stated the address to be P.O. Box 2226, Independence, Missouri.

d. On October 5, 1999, the Debtors registered to vote in the State of Florida.

e. On October 5, 1999, the Debtors obtained drivers licenses for the State of Florida (Db.Exh. 7).

f. In December of 1999, Arlin Young obtained a library card (Db.Exh. 10).

g. On January 1, 2000, the Debtors executed a seasonal lease agreement (Tr. Exh. 37(b)) and leased out the Condo for January, February and March of 2000.

h. On January 27, 2000, Betty Young received a Certificate of Registration in the State of Florida (Tr. Exh. 37(c)), indicating that her filing status was inactive.

i. On August 4, 2000, the Debtors registered a car in Florida for a temporary license, valid only for one month (Db.Exh. 6).

j. On October 12, 2000, Betty Young executed a seasonal lease agreement (Tr. Exh. 37(e)) with the Udalls to lease the Condo from November 1, 2000 to November 30, 2000.

The Debtors filed their voluntary Petition for Relief on September 15, 2000. As a result of the filing, the applicable time frame includes not only the time from the purchase of the Condo, but specifically from March 20, 2000 up to and including September 15, 2000.

On January 26, 2001, the Trustee filed his first Objection to Debtor's Claim of Exemptions (Doc. No. 11) and Phoenix filed its Objection to Claim of Exemption (Doc. No. 19) on February 21, 2001. Subsequently, the Debtors amended their schedules on April 02, 2001, causing the Trustee to again file an Objection to Debtor's Claim of Exemptions on April 5, 2001 (Doc. No. 39).

*Analysis, Findings & Conclusions*

■ The Trustee and Phoenix, as the objecting parties, have the burden of proof that the Debtors are not entitled to their claimed exemption. F.R.B.P. 4003(c); *In re Sparfven*, 265 B.R. 506, 516 (Bankr. D.Mass.2001); *In re Lee*, 223 B.R. 594, 599 (Bankr.M.D.Fla.1998). This Court must determine if the Debtors are entitled to claim any Florida exemptions. This requires an analysis of 11 U.S.C. § 522(b) as well as the underlying principals of Florida's homestead exemptions.

It is well established that it is a time honored principle of Florida's jurisprudence that the constitution provisions dealing with homestead were founded upon considerations of public policy. They are designed to promote the stability and welfare of the State by encouraging property ownership and independence on the part of its citizens, but most importantly, by preserving a home where the family may be sheltered and live behind reach of economic misfortune. *In re Colwell*, 208 B.R. 85 (Bankr.S.D.Fla.1997); *In re Bubnak*, 176 B.R. 601 (Bankr.M.D.Fla.1994); *In re McAtee*, 154 B.R. 346 (Bankr.M.D.Fla. 1993); *In re Ehnle*, 124 B.R. 361 (Bankr. M.D.Fla.1991).

It is also clear however, that the protection afforded by the Florida constitution and the statutes dealing with this subject is available only to citizens and residences of the states which opted-out pursuant to Section 522(b)(2)(A) of the Code. The Code specifically provides that debtors may only exempt properties under local law which is applicable on the date of the filing of the Petition in which the debtor's domicile had been located for 180 days immediately pre-

ceding the date of filing of the Petition, or for longer portion of such 180 day period than in any other place.

Specifically, Section 522(b)(2)(A) provides as follows:

Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed ... in paragraph (2) of this subsection. Such property is—

(2)(A) any property that is exempt under Federal law ... or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place....

■ Accordingly, this Court must determine (1) whether the Debtors were physically present in this State for the greater part of the 180 day period preceding the Petition date and (2) whether the Debtors intended to remain here indefinitely. *In re Sparfven, supra; In re Lowenschuss,* 171 F.3d 673, 683 (9th Cir.1999), *cert. denied,* 528 U.S. 877, 120 S.Ct. 185, 145 L.Ed.2d 156 (1999); *Mississippi Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48, 109 S.Ct. 1597, 104 L.Ed.2d 29 (1989); *In re Ring,* 144 B.R. 446 (Bankr.E.D.Mo. 1992); *District of Columbia v. Murphy,* 314 U.S. 441, 62 S.Ct. 303, 86 L.Ed. 329 (1941); *In re Hodgson,* 167 B.R. 945 (D.Kan.1994).

■ The evidence presented in this case overwhelmingly negates the claim of the Debtors that they were bona fidely domiciled in this State and in this District for the requisite 180 days or for the alternative, the longer portion of the preceding 180 days (or 91 days). The Debtors filed their voluntary Petition for relief under

Chapter 7 on September 15, 2000. The relevant period under consideration would be therefore, between March 20, 2000 and September 15, 2000 (180 days). The testimony given by the Debtors, considered in the most favorable weight to the Debtors, establishes that they were present in Florida during the relevant period, including since the date that they purchased the Condo as follows:

a. September 1999: 2 days

b. October 1999: 12 days

c. November 1999: 10 days

d. December 1999: 10 days

e. January 2000: none

f. February 2000: none

g. March 2000: none

h. April 2000: 18 days

i. May 2000: none

j. June and July: possibly 10 days total

k. August 2000: none

l. September 2000: 15 days

Or in all, a total of 43 days out of a minimum of 91 days required to qualify for Florida exemptions or a total of 77 days from the date of the purchase of the Condo. To overcome this overwhelming evidence, the Debtors heavily rely on the fact that they registered to vote, applied for a homestead tax exemption, and applied for Florida registration of their automobile. Even assuming for the purpose of discussion that this is sufficient to establish that the Debtors intended to become permanent residents of Florida, and remain as such when they filed their Petition, the evidence is equally replete with undisputed facts that belies their professed belief.

Mrs. Young is a licensed realtor holding a valid license in Independence, Missouri, and in the fact continues to have a valid drivers license that will not expire until the year 2002. She has been active before the

commencement of the case, and continued to sell property in Independence, after the commencement of the case. She has no Florida real estate license and of course never acted as a real estate selling agent in the State of Florida.

Mr. Young, at one time, owned and operated a sign business, and currently operates a sign business by his son, which is also located and is active in Independence and Kansas. Mr. Young has an occupational license issued to him that authorizes him to act in the sign business in Independence and in Kansas. The Debtors received all of their mail in Independence and all of their doctors are in Independence. Moreover, they receive all of their medicines in Independence (Tr. Exh. 8). At the time they filed the Petition, they resided at 3927 Drum Ave., Independence, Missouri, and that has been their residence since February 2001. They no longer have any residence in the State of Florida, since the Condo was subsequently sold during the pendency of this Bankruptcy Case. *See* Order granting Debtors' Motion for authorization to sell Debtors' real property (Doc. No. 64), entered on July 24, 2001. The record reflects that the Debtors reside in Independence, came down to attend the meetings of creditors, and also the final evidentiary hearing held in this matter.

When the Debtors entered into the contract to purchase the Condo, which they claim to be their homestead, they simultaneously entered into an agreement that granted exclusive right to Premier Properties of Southwest Florida to lease the Condo (Tr. Exh. 37(a)). The Condo was in fact rented during January, February and March of 2000.

Considering the totality of the circumstances and the evidence established at the final evidentiary hearing, the most that could be said is that while the Debtors might have initially, when they purchased the Condo, intended to established a permanent residence in Florida, clearly whatever happened after the purchase warrants but one conclusion, that at the time they filed the Petition, they did not reside and no longer had any intention to permanently reside in this State. Based on the foregoing, the Objections of the Trustee and Phoenix are sustained. The Debtors' claims of exemptions as allowed in the State of Florida are disallowed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objections (Doc. Nos. 11, 19 & 39) filed by the Trustee and Phoenix be, and the same are hereby sustained. Accordingly, the Debtors are not entitled to any exemptions as provided for under either Florida law or the Bankruptcy Code. All assets of the Debtor are not exempt and are deemed to be property of the estate and subject to administration. It is further

ORDERED ADJUDGED AND DECREED that counsel for the Debtors is hereby directed to turnover the funds currently held in the trust to the Trustee for further administration. It is further

ORDERED, ADJUDGED AND DECREED that the Debtors turnover to the Trustee their assets for further administration.